In Re: The Property of Continental Motels, Inc. Sale of Tax Claim Bureau of Chester County et al.

Domain, Ltd. and Tax Claim Bureau of Chester County, Pennsylvania, Appellants.

Argued October 7, 1977, before Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of two.

*Maurice M. Green,* for appellants.

*Lawrence A. Goldberg,* with him *Goldberg and Evans,* for appellee.

OPINION BY JUDGE WILKINSON, JR., November 15, 1977:

This is an appeal from an order of the Chester County Court of Common Pleas setting aside the tax sale of premises to appellant-purchaser on the ground that appellant, Tax Claim Bureau of Chester County

(Bureau), failed to give the property owner requisite notice of redemption pursuant to Section 308(a) of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.308(a). We must affirm.

The tax sale at which appellant-purchaser acquired the premises in question was conducted on October 15, 1973. The common pleas court confirmed and made absolute the decree nisi and on January 10, 1974, the Bureau duly executed and recorded a tax deed to appellant-purchaser.[1] On March 22, 1974, over five months after the date of the tax sale, the appellee-owner filed a petition for leave to file objections and exceptions nunc pro tunc. Only the Bureau was named as a respondent. Following the Bureau's failure to respond, the court below granted the petition and the objections and exceptions were filed. The allegations of the petition were, *inter alia*, that the appellee-owner had never been given timely notice of the availability of a redemption period prior to the sale; of the lack of a redemption period after the sale; of its default on an alleged agreement with the Bureau in September 1972 to pay its delinquency in installments; of a continuance of the sale from September 10, 1973 to October 15, 1973; and even of the sale of the property on October 15, 1973, notice of all of which are allegedly required under the Law. Following the dismissal of appellant-purchaser's petition to strike the objections and exceptions and the filing of the Bureau's and appellant-purchaser's answers to the objections and exceptions, depositions were taken in lieu of a hearing.

The first deponent was the Bureau's director, who was called by counsel for the property owner. He tes-

---

[1] After requesting that the landowner vacate the premises and remove personal property therefrom, appellant-purchaser instituted a quiet-title action which was still pending at the time this appeal was taken.

tified that in 1972 tax delinquencies existed for the property for the tax years 1970 and 1971 and therefore a certified letter was sent by the Bureau and received by the property owner in June 1972, which letter included a copy of the Bureau's tax record card and bore a colored sticker. Although he could not state for a fact the contents of the notice contained on the sticker, he said that, by normal Bureau practice, the sticker would have been a red one entitled "Notice of Tax Sale" and would have stated that the property would be sold for the delinquent taxes on a specific named date in September 1972; that there would be no redemption period after the sale; that the sale could be stayed at the Bureau's option if the property owner entered into an agreement with the Bureau prior to the date of sale to pay the delinquency in installments; that advertising would be made in August 1972; and that payment could be made to the county treasurer at the Bureau's address.[2] The director testified further that the property owner sent a payment equivalent to 25% of the total 1970 and 1971 tax on September 5, 1972, and, therefore, the Bureau stayed the sale and prepared and sent to the property owner a form entitled "Agreement to Stay Tax Sale"[3] requiring another such payment on October 1, 1972. The director testified that a payment slightly in excess of the amount specified in the Bureau's form was received on October 16, 1972 and that payments required by the Bureau's form on January 2, 1973, and April 1, 1973, were never made. The director then stated that another certified letter with a copy of the tax record card and another red sticker (similar to

---

[2] The director did not have a copy of a 1972 red sticker notice at the deposition. He read instead from a 1974 notice in response to a question which asked him to assume that the 1972 and 1974 red sticker notices were the same.

[3] Pursuant to Section 603 of the Law, 72 P.S. §5860.603.

the previous red sticker but naming the date of sale as September 10, 1973) was received by an employee of the appellee-owner in June 1973. The director testified that notice of the September sale was also made by advertisement and posting but that no additional notice was given of the sale when it was continued for lack of bids to October 15, 1973.

The president of the appellee-owner was also deposed. He stated that he never received notice of the redemption period, but he admitted that he "could have" received a certified letter in 1971 bearing a yellow sticker but that he was "not sure of the colors." (The Bureau's yellow stickers are entitled "Notice of Tax Claim," notify the appellee-owner of the one-year redemption period, and are normally sent several months before the red "Notice of Tax Sale.") He testified that the first notice he received that the property would be exposed to sale was in July or August 1972 by a certified letter from the Bureau bearing a sticker, the color of which he could not remember. He stated that he called the Bureau, announced that he was short of money and asked if he could "work something out." He sent in the September 5, 1972, payment and subsequently received the Bureau's agreement form, which he could not recall signing and returning. He admitted no payments were made after October 16, 1972, and that a certified letter and sticker were received in June 1973 advising of the sale scheduled for September 10, 1973. He testified that the only notice he received that the sale would not be held on that date was through a telephone call from his bookkeeper to the Bureau in September 1973 and that the only notice he received that the property had been sold was by another such call in November 1973.

The court below found that neither appellant-purchaser nor the Bureau had presented evidence showing that the requirements of Section 308(a) had been

434

met. It therefore set aside the sale. This appeal followed.

The first issue before us is whether the use of a petition and rule to show cause is an improper procedure for the challenging of the validity of a tax sale after confirmation and recording of the tax deed. We note that here the petition and rule were not used to challenge the validity of the sale; rather, they were used simply to obtain leave to file the objections and exceptions by which such challenge was made. Nor do we find error in the lower court's permitting the property owner to file its objections and exceptions nunc pro tunc. While Section 607(g) of the Law, 72 P.S. §5860.607(g), establishes generally the invulnerability of sales confirmed absolutely, that subsection expressly excepts allegations "as to the giving of notice as required by the act . . ." and permits them to be heard after confirmation. The allegations here clearly fall within that exception.

The next issue presented is whether the two payments made by the appellee-owner in September and October 1972 created an agreement to stay the tax sale under Section 603. We hold that no agreement was created. Section 603 expressly requires such agreements to be in writing, and here no evidence exists that the Bureau's form was ever signed or returned. Therefore, no notice of default was required of the Bureau.

We now consider the difficult question of whether the record supports the trial court's finding of fact that the notice required by Section 308(a) was not sent to the appellee-owner. As indicated above, appellee-owner's president testified that he did not receive the notice of the redemption period. Albeit, on cross-examination he could not be certain of the color of the sticker on the notice he admitted receiving. The Bureau director's testimony, though not as clear and

certain as might have been desirable, supports the allegation that the notice sent did not contain the requisite notice of the redemption period and can form the basis for the finding of fact. It is disconcerting to note that in the original record exhibit P-1, which was offered to show the form of the notice received, actually has a yellow sticker attached, whereas in the printed record P-1 has both a yellow and a red sticker attached. No one testified that that could have been the instance and we can only conclude it was an error in the preparation of the record. Therefore, we are satisfied that the record does support Judge STIVELY's finding that the appellee-owner was not given the requisite notice of the redemption period.

Accordingly, we will enter the following

ORDER

Now, November 15, 1977, the order of the Chester County Court of Common Pleas, No. 450 Misc. 1973, dated March 4, 1976, setting aside the tax sale of real estate owned by Continental Motels, Inc., to Domain Ltd. is hereby affirmed.