**In Re By-Pass Inc.**

*Frank Eagen,* for petitioner.
*Robert Sayer,* for intervenor.
*Sydney Levy,* for tax claim bureau.

MUNLEY, *J.,* January 2, 1981 — This matter is before the court on petition of By-Pass, Inc. wherein it requests that a tax sale of its property, which was conducted on November 14, 1979, be set aside and alleges that the Tax Claim Bureau had agreed to withdraw their property from the tax sale pursuant to the Real Estate Tax Sale Law of July 7, 1947, P.L. 1368, 72 P.S §5860.603. At the sale conducted on November 14, 1979 Robert Sayers successfully entered a bid on this property, subsequent to the filing of the present petition, he petitioned the court and was granted leave to intervene in these proceedings.

The property involved is located at 1325 Steele Street, Scranton, Pa. and is assessed as Ward 3, Block 25, Lot 4A. The tract was originally acquired by petitioner by deed dated May 15, 1970 and is recorded in the Recorder of Deeds Office of Lackawanna County in Deed Book Volume 722, Page 206. The property comprises a tract of less than an acre of land and is improved with a storage shed. The property was originally scheduled for sale September 10, 1979 by the Lackawanna County Tax Claim Bureau for non-payment of real estate taxes amounting to $600 for the years 1973, 1977 and 1978. The property was actually sold at a continued sale held on November 14 of the same year.

The evidence presented established that petitioner via its President, Mr. Thomas Cawley, went to the tax claim bureau on September 7, 1979 to discuss the notice he had received concerning the delinquency. He testified that he was informed that if he paid 25 percent or $150 on the $600 delin-

quency a contract would be worked out, and that the property would be taken out of the sale. Further, Cawley testified he gave a check for $150 to the girl in the office, no schedule of payments was discussed, nor was any written contract entered into. Subsequently, no contract was forwarded to petitioner by the tax claim bureau.

Miss Kobeski, an employee of the tax claim bureau, recalled Mr. Cawley but did not recall receiving a check from him nor any inquiry about a contract or payment schedule. Mr. Bieber, Deputy Director of the Tax Claim Bureau, testified as to the procedure to stay the sale of a property which is scheduled for sale for delinquent taxes. Bieber testified that when a property owner appears pursuant to a notice of delinquent taxes and forthcoming sale, the owner is advised to make a minimum payment of 25 percent of all tax claims and judgments and the interest thereon and to enter into a written agreement with the bureau to stay the sale and pay the balance of the taxes owed over a term of one year. Once the taxpayer is advised of the conditions to stay the sale, a bill is prepared and given to the property owner. Upon receipt of the bill, the owner can either take the bill and make payment of the 25 percent sum directly to the county treasurer and then return to the tax claim bureau with a receipt at which time a written agreement to stay is entered, or he can make payment of the 25 percent sum directly to the tax claim bureau immediately upon receipt of the tax bill and instantly execute a written agreement to stay the tax sale. In the present instance Bieber did not remember Mr. Cawley nor any disucssion of a contract or stay of the sale.

In its petition, By-Pass, Inc., seeks to set aside the sale of its property and argues that they entered into an agreement with the bureau for a stay of the sale

and that the bureau sold their property in violation of that agreement as well as the Real Estate Tax Sale Law of July 7, 1947, P.L. 1368, 72 P.S. 5860.101 et seq., as amended. Respondent argues that petitioner did not comply with the statutory requirements necessary to have its property removed from the 1979 sale.

The Real Estate Tax Sales Act, supra, sets forth a complete statutory scheme and method for the management and disposition of property by the Tax Claim Bureau. Under Section 603 of this act, the tax claim bureau does have the option to enter into an agreement to stay the sale of a property involved in any sale. The question now becomes whether or not in this instance the bureau did in fact enter into such an agreement with petitioner.

Section 603 of the act, entitled 'Agreements to stay sale,' provides in part, that a sale may be stayed if the owner makes payment of 25 percent of the amount due on all the tax claims and tax judgments filed, and the interest on the taxes returned to date, and *"enter[s] into an agreement, in writing, the Bureau to stay the sale of the property"* and agreeing therein to pay the balance in not more than three installments, all within one year of said agreement. So long as that agreement is being fully complied with the sale of the property covered by the agreement shall be stayed. (Emphasis supplied.)

Recently the Commonwealth Court held that, section 603 expressly requires such agreements to be in writing and further that partial payments on delinquent taxes is not the equivalent to an agreement to stay the sale. In re: The Property of Continental Motels, Inc., 32 Pa. Commonwealth Ct. 429, 379 A. 2d 897 (1977).

From the above it is clear that petitioner is not

entitled to the relief they pray. When words of a statute are clear and free from all ambiguity, the statute must be construed to give effect to all of its language. 1 Pa.C.S.A. §1921. We find that no agreement in writing to stay the sale of the property was entered into and this finding is determinative of the issue before us. Indeed Mr. Cawley testified that he never received a contract. Further it will be noted in this connection that such agreements are entered into "at the option of the Bureau" — it is not compulsory that the bureau enter into such agreements even if the deliquent taxpayer requests it. The holding of the Commonwealth Court in, In re Continental Motels, Inc., supra, is controlling in both the aspect of the written agreement and as far as the partial payment is concerned.

Petition denied, objections overruled.

## ORDER

Now, January 2, 1981, the petition of By-Pass, Inc. to set aside the tax sale held November 14, 1979 on property located at 1321 Steele Street, Scranton, Pa. is hereby denied.