In Re: Tax Sale of 1980 Under Real Estate Tax Sale Law of 1947. Dauphin County Tax Claim Bureau, Appellant.

Argued February 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*F. R. Martsolf*, Solicitor, for himself.

*Paul E. Baker*, for appellees.

OPINION BY JUDGE DOYLE, October 24, 1983:

Before this Court is an appeal by the Dauphin County Tax Claim Bureau (Bureau) from a decision and order of the Court of Common Pleas of Dauphin County setting aside as invalid a tax sale of property owned by Frank M. Doric and Louise A. Doric. We affirm.

The facts in this case are undisputed. The Dorics, as owners of property located at 21 South Third Street in Harrisburg, failed to pay property taxes for the year 1978. This led the Bureau to issue the appropriate notices of delinquency and a tax sale of the subject property was subsequently scheduled for September 8, 1980. Notice of this tax sale was issued pur-

suant to the requirements of Section 602 of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.602. Upon going to the Bureau, however, Mr. Doric was informed that the sale of his and other Harrisburg properties would not be September 8, but had instead been adjourned to a later date as yet undetermined.[1] Mr. Doric accordingly did not attend the tax sale of September 8, at which it was announced that Harrisburg properties would be sold on November 7, 1980. On October 20, 1980, a deputy sheriff went to the subject premises and personally served Mr. Doric with a notice of the sale. This notice contained no reference to November 7 as being the date of sale, despite it having been announced by the Bureau at the sale on September 8, 1980 some six weeks previous. Instead, the notice was identical to that received prior to the September 8 sale *and referred only to September 8, 1980* "or any date to which the sale may be adjourned, re-adjourned or continued. . . ." When questioned by Mr. Doric as to the actual date of sale, the deputy sheriff stated that he did not know when it would be. Mr. Doric made no other attempt whatsoever to either contact the Bureau or make arrangements to pay the arrearage on his taxes. At the November 7, 1980 sale, the Doric's property was purchased for the upset price of $4,-894.87. The Dorics filed exceptions to the sale with the court of common pleas which, after a hearing, set aside the sale on the grounds that the Dorics did not receive proper notice of the sale under the Law. The appeal to this Court followed in which the Bureau con-

---

[1] The delay was to permit the Bureau to comply with the requirement of Section 601 of the Law, 72 P.S. §5860.601, that owner occupied property not be sold until at least ten days after the owner occupant has been personally served notice of the sale by the sheriff or his designee. This requirement was added to Section 601 by Section 4 of the Act of July 10, 1980, P.L. 417.

tends that the trial court erred as a matter of law. Specifically, it is asserted that the adjournment of the sale of the Dorics' property from September 8, 1980 to November 7, 1980 was permissible under Section 601 of the Law, 72 P.S. §5860.601[2] and that proper notice of the first sale date on September 8 obviated the need for further notice to the Dorics of the actual time of the second sale date.

This Court's scope of review of tax cases such as that now before us is limited to determining whether the common pleas court abused its discretion, rendered a decision with a lack of supporting evidence or clearly erred as a matter of law. *Sabarese v. Tax Claim Bureau of Monroe County,* 69 Pa. Commonwealth Ct. 442, 451 A.2d 793 (1982).

It is well settled that the notice provisions of the Law. are to be strictly construed so as to ensure against deprivation of property without due process of law. *Povlow Appeal,* 48 Pa. Commonwealth Ct. 435, 410 A.2d 376 (1980). Among those provisions is the requirement of Section 602 that the party whose property is to be sold be informed of "the time of such sale." In the case *sub judice,* the Bureau, by failing to

---

[2] Section 601 of the Law reads, in pertinent part:

§5860.601 Date of sale

(a) Commencing on the second Monday of September of each year or for the first year any county is operating under the provisions of this act, at the bureau's discretion, commencing on the second Monday of October, and for the first sale conducted under this act by a bureau, where claims have been validated in accordance with the provisions of this act, at the bureau's discretion, commencing on the second Monday of October, following the expiration of the redemption period, *or on any day to which a sale may be adjourned, or readjourned,* such adjournment not to be for a longer period than sixty (60) days, or any day to which a sale may be continued, the bureau shall sell such property. . . . (Emphasis added.)

indicate in any of its notices to the Dorics that November 7, 1980 was the date to which the sale might be adjourned pursuant to Section 601 of the Law, has failed to satisfy the Law's notice requirements. *See Appeal of Domain, Ltd.,* 32 Pa. Commonwealth Ct. 429, 379 A.2d 897 (1977). The Bureau's failure in this regard extends at least as far as the notice personally served on the Dorics six weeks after the setting of the *new* sale date, when that date was known, and the notice nevertheless included a statement that the property would be exposed for sale on a date six weeks already gone by. Accordingly, we must affirm the decision of the court of common pleas to set aside the tax sale of the Dorics' property subject to their satisfying the condition imposed by the order of the court of paying the amount of the upset price to the purchasers of the property. We do not believe our decision here renders meaningless the adjournment provisions of Section 601 . The Bureau argues that this would be the effect of a decision in favor of the Dorics because it would mean having to adhere to the notice provisions of the Law each and every time there was an adjournment. Aside from the fact that the purpose of the adjournment language appears to be solely to afford the taxing authorities some flexibility for dealing with unforeseen contingencies within the otherwise rigid parameters of the law concerning the *timing* of a tax sale and that our decision has no impact on that whatsoever, we must disagree. We see no great inconvenience to the taxing authorities of including in the original notice of a tax sale, the date to which the sale will be adjourned if necessary. This would satisfy the notice requirements of the Law and at the same time obviate the need for a duplicative effort to provide notice. Failing in this, however, a tax claim bureau wishing to avail itself of the continuance or adjournment provisions of Section 601 will indeed have to

again apprise the property-owner of the impending tax sale by proper notice.[3]

ORDER

Now, October 24, 1983, the decision and order of the Court of Common Pleas of Dauphin County in the above captioned matter, No. 4863 S 1980, dated December 30, 1981, is hereby affirmed.

---

[3] In the event of a continuance necessitated by the failure of someone to bid a property's upset price, Section 610 of the Law, 72 P.S. §5860.610 is controlling and a tax claim bureau is specifically exempted from having to duplicate Section 602's advertising requirements.