## Luketic v. Beaver County Tax Claim Bureau

*Nicholas H. Krayer,* for plaintiff.
*Terri J. Mitko,* for defendant.

WALKO, *J.,* March 10, 1988 — The matter presently before the court is a petition to set aside tax upset sale filed by petitioners Robert and Eileen Luketic with respect to real property sold at the Beaver County Tax Claim Bureau's delinquent tax sale held on November 16, 1987.

The specific question for this court to determine is: Where the taxing authority provides landowners with proper notice of the initially scheduled tax sale, and the tax sale is subsequently rescheduled to a later date, does the service made with respect to the initially scheduled sale obviate the need for additional service as to the rescheduled sale?

The following pertinent facts have been adduced from the record of the hearing held before this court on January 19, 1988, and the briefs filed by counsel, and are not in dispute:

Petitioners owned a parcel of land, no. 62-101-017.000, located in Hookstown, Greene Township, and were delinquent as to the payment of their local taxes on the property. The Beaver County Tax Claim Bureau listed petitioners' property for tax sale set for September 14, 1987, and timely sent notice on July 9, 1987, via certified mail, to petitioners. That mail was returned unclaimed to the tax bureau, who then had personal service made on petitioners at their trailer on the property on August 24,

1987. The tax bureau also properly advised the sale in the local newspaper. Thereafter, a second mail notice was sent by the tax bureau and was returned unclaimed.

Immediately prior to the scheduled sale of their land, petitioners signed a listing for owner-occupied dwellings pursuant to sections 502 and 503 of the Pennsylvania Real Estate Tax Law permitting the property to be pulled from the September 14, 1987 sale. Petitioners were able to postpone sale of their property by agreeing to appear at the Tax Claim Bureau in order to establish a payment plan for their delinquent taxes.* However, petitioners thereafter failed to make any payment whatsoever or any appointment with the bureau.

The Tax Bureau then, as a result of petitioners' inaction, rescheduled the tax sale of the property for November 16, 1987. Certified mail notice was sent to petitioners on October 15; it was returned unclaimed. Personal service was attempted, but not made. Notice was, therefore, posted on the property on October 30, 1987. No other mail notice was sent.

Thereafter, the tax bureau held the tax sale as scheduled on November 16, 1987, and petitoners' land was sold. Petitioners received notice of the sale by certified mail on November 30 and have asked this court to upset the tax sale for lack of compliance with the notice provisions of the Pennsylvania Real Estate Tax Sale Law with regard to the tax sale held on November 16, 1987.

The tax bureau, of course, has authority under

---

*Although it is not relevant or essential to the court in reaching its decision, we note for the record that petitioners entered into a similar payment plan on September 8, 1986, in the year prior to this sale, involving the same property calling for time payments. Petitioners defaulted after making an initial down payment (R.7,14,15).

our laws to conduct tax sales of real property for unpaid taxes. The Pennsylvania Real Estate Tax Sale Law governs such sales and section 602(e) provides the following notice requirements which are in addition to the publication requirements:

"(1) At least 30 days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

"(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least 10 days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office." 72 Pa.C.S. §5860.602 (Purdon Supp. 1968-86).

It is well-settled that the notice provisions of the Pennsylvania Real Estate Tax Sale Law are to be strictly construed so as to ensure against deprivation of property without due process of law. *Polow Appeal,* 48 Pa. Commw. 435, 410 A.2d 376 (1980).

In the case sub judice, the tax bureau did in fact give proper notice as to the initial sale scheduled for September 14, 1987: Certified mail was timely sent to petitioners on July 9, 1987, and when it was returned unclaimed, personal service was made on August 24, 1987. In addition, and in strict compliance with section 602(2) of the law set out above,

the Tax Claim Bureau sent a second mailing of the same notice of sale, certified, restricted delivery, return receipt requested.

The sale of taxpayers' land did not occur, and the Tax Claim Bureau rescheduled its sale for November 16, 1987. It is with respect to the rescheduled sale that petitioners contend notice was improper. Notice of sale for the November date was timely sent by certified mail on October 15, 1987. It was returned unclaimed. Personal service was attempted, but not made, on October 30, 1987. However, this time no second mailing of notice of the pending sales was made to petitioners and their land was sold on November 16, 1987. Petitioners contend that omission of a second mailing resulted in the tax bureau's non-compliance with the notice provisions of the law.

Petitioners do not, however, challenge the tax bureau's authority to continue the sale. Such authority is granted under section 601 of the Pennsylvania Real Estate Tax Sale Law wherein it states in relevant part:

"(a) The bureau shall schedule the date of the sale no earlier than the second Monday of September and before October 1, and the sale may be adjourned, readjourned or continued. *No additional notice of sale is required when the sale is adjourned, readjourned or continued if the sale is held by the end of the calendar year*. The bureau may, for convenience and because of the number of properties involved, schedule sales of property in various taxing districts or wards on different dates. Except as otherwise provided in this article, all sales shall be held by the bureau by the end of the calendar year." 72 Pa.C.S. §5860.l601 (Purdon Supp. 1968-86). (emphasis supplied)

Subsection (a) of section 601 was amended in

July 3, 1986, P.L. 351, §24. The statute clearly and specifically provides "no further notice" is required where a tax a sale is rescheduled. This section not only permits the local taxing authority to reschedule a tax sale to a later date, but also obviates the need for duplicate notice to delinquent tax payers. In the case sub judice, petitioners ask this court to disregard the plain meaning of the language of the statute and the clear intent of the legislature. We are duty bound to follow and interpret the actions of our legislature in conformity with their intent.

Prior to the 1986 amendment, in a case such as the one now before the court, a delinquent taxpayer could effectively overturn a sale of his land by evading receipt of service of process with respect to a rescheduled sale. See, e.g., *Dauphin County Tax Claim Bureau Appeal,* 78 Pa. Commw. 49, 466 A.2d 1112 (1983). We note that in the Dauphin County case, Judge Doyle suggested a procedure whereby, in situations such as the case sub judice, duplicate service could be avoided by including the postponement date in the original notice.

Our legislature recognized that such abuses of the notice provisions of our law made local governments' tax sales very difficult and uncertain. In 1986, our legislature, in its wisdom, acted to reform the relevant section our statute. The rewritten section 601 set out above clearly permits the tax claim bureau to continue and reschedule petitioners' delinquent tax sale from September 14, 1987, to November 16 of the same year without having to provide duplicate service of process.

The court finds that the Beaver County Tax Claim Bureau was in full compliance with the notice provisions of the Pennsylvania Real Estate Tax Sale

Laws by the proper notice procedures followed with respect to the initial tax sale and, consequently, the rescheduled sale.

In view of all of the above, we now enter the attached

## ORDER

And now, March 10, 1988, it is hereby ordered and decreed that the petition to set aside tax upset sale held on November 16, 1987, with respect to petitioners Luketics' land, parcel no. 62-101-017.000, located in Hookstown, Green Township, is dismissed, and said sale is hereby confirmed.