640 A.2d 946

**In re Consolidated Return of the Sale of Properties for Delinquent Taxes by the Fayette County Tax Claim Bureau, Tax Claim No. 02–164, Sale No. 92–1.**

**Appeal of MANOR INVESTMENTS, LTD., Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 1, 1994.

Decided April 5, 1994.

Reargument Denied May 31, 1994.

Douglas S. Sepic, for appellant.

Anthony S. Dedola, Jr., for appellee.

Before McGINLEY and NEWMAN, JJ., and NARICK, Senior Judge.

NEWMAN, Judge.

Manor Investments, Ltd. (Manor) appeals from an Order of the Court of Common Pleas of Fayette County (trial court) setting aside the sale of property conducted pursuant to the provisions of the Real Estate Tax Sale Law (the Law), Act of

July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.803.

Since August 4, 1986, Brownsville Investors Corporation, Inc. (Brownsville) was the property owner of a commercial building located at 5–15 Market Street in the town of Brownsville, Fayette County. Brownsville became delinquent in paying its local taxes for the years 1988 through 1990. When the Fayette County Tax Claim Bureau (Bureau) was unable to come to terms with Brownsville over its delinquent taxes, it scheduled the building for sale during its annual tax sale of September 14, 1992. The Bureau fully complied with all notice requirements of Section 602 of the Law, 72 P.S. § 5860.602;[1] consequently, this notice is presently not at issue.

The original tax sale was adjourned until October 14, 1992. Notice of the rescheduled sale was placed in three local newspapers, including the legal paper. Moreover, the Bureau sent to Brownsville, by first class mail, notice of the rescheduled sale. Although this notice was directed to Brownsville's correct address, the notice was returned to the Bureau marked "attempted [delivery-address] not known."

Representatives of Brownsville did not attend the rescheduled tax sale of October 14, 1992, and the property was sold to Manor for $14,093.83. On January 7, 1993, Brownsville filed exceptions to the sale, and argued that it was never provided notice of the rescheduled sale by the Bureau. On March 17, 1993, Manor filed a Petition to Intervene which was granted by the trial court on March 23, 1993. During the hearing of May 14, 1993, after the close of Bureau's case in chief, the trial court set aside the sale of the property to Manor. Hence, the present appeal.

We are asked to address whether the Bureau was legally obligated to provide notice to Brownsville of a tax sale re-

---

1. Essentially, Section 602 of the Law, 72 P.S. § 5860.602, requires published notice, certified mail notice and posted notice for a valid tax sale. *Geier v. Tax Claim Bureau of Schuylkill County,* 131 Pa.Commonwealth Ct. 321, 570 A.2d 134 (1990) *aff'd,* 527 Pa. 41, 588 A.2d 480 (1991).

scheduled within the calendar year after the original tax sale had been adjourned.[2]

■ In determining whether a trial court properly invalidated a tax sale, this court's standard of review is limited to determining whether the trial court abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law. *Chester County Tax Claim Bureau v. Griffith*, 113 Pa.Commonwealth Ct. 105, 536 A.2d 503 (1988).

■ With respect to the first issue, Manor argues that the trial court erred as a matter of law in granting Brownsville's exception since the Law specifically and unequivocally provides that when a tax sale is adjourned and rescheduled within the calendar year, as was the case in the instant matter, no additional notice of sale was required to be given to Brownsville. We agree.

■ Section 601 of the Law, 72 P.S. § 5860.601, states in pertinent part:

> (a) The bureau shall schedule the date of the sale no earlier than the second Monday of September and before October 1, and the sale may be adjourned, readjourned or continued. **No additional notice of sale is required when the sale is adjourned, readjourned, or continued if the sale is held by the end of the calendar year** ....

72 P.S. § 5860.601. (Emphasis added). It is a general principle of law that a court in analyzing and interpreting a statute does so with the goal in mind of ascertaining and giving effect to the intent of the General Assembly. 1 Pa.C.S. § 1921; *See Frontini v. Department of Transportation*, 527 Pa. 448, 593 A.2d 410 (1991). Moreover, words and phrases used in a statute are construed according to their common meaning and accepted usage. 1 Pa.C.S. § 1903(a). It is clear from a

---

**2.** Manor also raises a second issue, namely, whether the trial court procedurally erred in directing a verdict in favor of Brownsville at the close of the Bureau's case in chief on Brownsville's motion for summary judgment. Given our disposition of Manor's first issue, there is no need to discuss this issue.

reading of the statute that its plain meaning expresses the legislature's intent that "no further notice" is required when a tax sale is rescheduled within the same calendar year. Thus, the trial court erred as a matter of law in ignoring the plain meaning of the statute. Brownsville's arguments to the contrary do not mandate a different result.

Brownsville argues that due process requires, at a minimum, that an owner of land be actually notified by the government of the impending tax sale, if reasonably possible, before his land is forfeited by the state. Brownsville relies on *Tracy v. County of Chester, Tax Claim Bureau,* 507 Pa. 288, 489 A.2d 1334 (1985)[3] and its progeny for support. Brownsville specifically contends that because the Bureau undertook no further action, once the letter notifying it of the rescheduled sale was returned undelivered, the Bureau acted unreasonably in not taking further steps to inform it of the rescheduled October 14, 1992 sale. Moreover, Brownsville maintains that this court has already set forth the most efficient manner of effectuating notice of a rescheduled sale, that is, by including in the original notice of sale, the rescheduled date. *Re: Tax Sale of 1980 (Appeal of Dauphin County Tax Claim Bureau),* 78 Pa.Commonwealth Ct. 49, 466 A.2d 1112 (1983).

Brownsville's due process argument ignores a fundamental distinguishing factor that renders its reliance on *Tracy* mistaken. The fundamental difference is that, unlike the property owners in *Tracy,* Brownsville received the legislatively mandated notice of Section 602 of the Law, 72 P.S. § 5860.602, in conjunction with the original sale scheduled for September 14, 1992. Consequently, Brownsville knew that unless it cured its delinquency of unpaid local taxes, it was in imminent danger of losing its property to tax sale. This period of time was statutorily limited to the remainder of the calendar year. Thus, this fundamental difference distinguishes *Tracy* and its progeny, and Brownsville's reliance on them is misplaced.

3. In *Tracy,* property owners brought an action seeking to set aside a tax sale of their property since they never received original notice of the impending tax sale. The Supreme Court held that the tax sale violated the property owners' due process rights since the Tax Claim Bureau did not undertake any reasonable effort to effect actual notice.

Next, Brownsville argues that this court has set forth the fairest manner in which to deal with similar situations. In *Dauphin County Tax Claim Bureau,* a property owner became delinquent in paying his local taxes. Thus, the Dauphin County Tax Bureau issued a notice of impending sale to the property owner and informed him that his property would be sold at tax sale on September 8, 1980. The scheduled sale was adjourned to November 7, 1980. The property owner was personally notified of the adjourned sale on October 20, 1980 by the local sheriff's office, but was not informed of the rescheduled date, and the sheriff's representative stated he did not know the date the sale would be rescheduled. The property owner did not attend the rescheduled sale, and the property was sold on November 7, 1980. The property owner filed exceptions with the Court of Common Pleas of Dauphin County which set aside the sale on the grounds that he did not receive proper notice of sale. This court affirmed, holding that proper notice should have been given to the property owner notifying him of the rescheduled date. Judge Doyle writing for the court, stated "We see no great inconvenience to the taxing authorities of including in the original notices of a tax sale, the date to which the sale will be adjourned if necessary." *Id.* at 53, 466 A.2d at 1114.

The critical factor which distinguishes the instant case from *Appeal of Dauphin County* is that Section 601 was amended in 1986 to include the following language:

No additional notice of sale is required when the sale is adjourned, readjourned, or continued if the sale is held by the end of the calendar year.

72 P.S. § 5860.601.

It is a general principle of statutory construction that a change in the language of a statute ordinarily indicates a change in the legislative intent. *Masland v. Bachman,* 473 Pa. 280, 374 A.2d 517 (1977). We are bound in interpreting statutes to give effect to the legislative intent. Consequently, if we were to accept Brownsville's argument as set forth in the holding of *Appeal of Dauphin County,* we would be effectively

rewriting the section, which would render the amended section a nullity. This we will not do.

In sum, it is clear from the plain meaning of the statute's language that the legislature's intent was not to require further notice of sale when a tax sale is rescheduled within the same calendar year. Since the language of the statute as expressed in Section 601 is limited to rescheduled sales where the property owner was originally provided with notice, this does not infringe on property owners' due process rights. Therefore, the trial court committed an error of law in setting aside the sale to Manor.

Accordingly, the order of the trial court is reversed.

## ORDER

AND NOW, April 5, 1994, the Order of the Court of Common Pleas of Fayette County in the above-captioned matter is reversed.