**In re: UPSET SALE TAX CLAIM BUREAU OF LUZERNE COUNTY PENNSYLVANIA HELD DECEMBER 11, 2008.**

**Appeal of: David Keller.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 15, 2010.

Decided March 2, 2010.

---

David Keller, appellant, pro se.

Michael P. Dignazio, Media, for appellee.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge SIMPSON.

David Keller (Purchaser), representing himself, seeks review of an order of the Court of Common Pleas of Luzerne County (trial court) setting aside a tax sale on the basis the Luzerne County Tax Claim Bureau (Bureau) failed to comply with the notice requirements of Sections 601 and 602 of the Real Estate Tax Sale Law (Law).[1] Purchaser contends the trial court erred in not upholding the sale under Section 601(a) of the Law (no additional notice of adjourned or continued tax sale necessary if sale held by the end of the calendar year), where the Bureau complied with each and every notice requirement in Section 602. Upon review, we affirm.

In February, 2008, Household Finance Consumer Discount Co. (Owner) acquired title by virtue of a deed from foreclosure to a vacant property located at 14 Searle Street in the City of Pittston (the Property). In July, 2008, the Bureau notified Owner by certified mail that the Property would be sold at an upset tax sale on September 18, 2008. Owner received this notice at its Elmhurst, Illinois address. However, later in July, 2008, the Bureau obtained an order from the trial court rescheduling the tax sale to October, 2008. As a result, the Bureau did not publish notice or post the Property regarding the originally scheduled September sale.

In October, 2008, the Bureau again filed a motion to reschedule the sale date, which the trial court granted. The trial court's order rescheduled the sale for December 11, 2008. In particular, the court's order

---

1. Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.601 and 5860.602.

provided: "3. The [Bureau] is directed to take the requisite steps to provide adequate notice of the rescheduled sale date." Trial Ct.'s Order, 10/01/08.

In November, 2008, the Bureau published notice of the December tax sale and posted notice of the sale on the Property. However, the Bureau did not mail Owner notice of the December sale date. At the December sale, the Bureau sold the Property to Purchaser.

In March, 2009, Owner filed a petition to invalidate the tax sale alleging the sale violated Sections 601(a)[2] and 602[3] of the Law. Owner alleged the Bureau failed to timely hold the sale as required by Section 601(a); the Bureau failed to comply with the publication requirements in Section 602; the Bureau's certified mail notice specified a sale date in September, which never occurred and the Bureau never notified Owner of any other sale date; and, the posted notice of sale contained a sale date different from the date provided in the certified mail notice of sale.

The Bureau filed an answer and new matter denying Owner's allegations. Purchaser petitioned to intervene. Ultimately, the trial court approved a stipulation that Purchaser be named as a respondent/defendant in the action. Purchaser then filed an answer denying the allegations in Owner's petition.

At hearing, the Bureau and Purchaser argued Section 601 of the Law permitted the sale, originally scheduled for September, 2008, to be continued to December, 2008, without additional notice. As noted, Section 601(a) requires that a tax sale be scheduled no earlier than the second Monday in September and before October 1. 72 P.S. § 5860.601(a). However, the sale may be adjourned, readjourned or continued. *Id.* "No additional notice of sale is required when the sale is adjourned, readjourned or continued if the sale is held by the end of the calendar year." *Id.* The Bureau further argued Owner had notice its property would be sold at tax sale, but took no affirmative action to find out when

---

2. Section 601(a) of the Law, 72 P.S. § 5860.601(a), pertinently provides:

> The bureau shall schedule the date of the sale no earlier than the second Monday of September and before October 1, and the sale may be adjourned, readjourned or continued. No additional notice of sale is required when the sale is adjourned, readjourned or continued if the sale is held by the end of the calendar year.

3. Section 602 of the Law, 72 P.S. § 5860.602, pertinently provides:

> (a) At least thirty (30) days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any designated by the court for the publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the

sale including the approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner.

> \* \* \*

> (e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

> (1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

> (2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address....

> (3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.

the sale was rescheduled or set up a payment plan on the taxes.

The only witness at the hearing, the Bureau's tax sale coordinator (Coordinator) testified the Bureau did not publish notice of the scheduled September, 2008 tax sale. Notes of Testimony (N.T.), 05/18/09, at 6–7. In addition, the Bureau did not post the Property for sale prior to November 8, 2008. *Id.* at 7. Coordinator explained that the Bureau did not post the Property or publish notice prior to the scheduled September sale because it was continued. *Id.* at 9. However, the Bureau did not provide Owner with mail notice of the rescheduled sale dates. *Id.* at 7.

■ The trial court determined the Bureau did not comply with the notice requirements in September, 2008, prior to the originally scheduled sale. Accordingly, the trial court invalidated the December, 2008 tax sale. In an opinion in support of its order, the trial court noted, absent full compliance with the notice requirements for the originally scheduled September sale, the Bureau could not take advantage of the provision in Section 601(a) obviating the need for additional notice. Purchaser appeals.[4]

Purchaser contends the trial court erred in invalidating the sale where the Bureau complied with all notice requirements in Section 602. Owner received certified mail notice of the scheduled September, 2008 sale. 72 P.S. § 5860.602(e)(1). The Bureau published notice of the December, 2008 sale in the Times Tribune and Luzerne Legal Register more than 30 days prior to the sale. 72 P.S. § 5860.602(a). The Bureau posted notice of the December sale on the Property in November, 2008, more than 10 days prior to sale. 72 P.S. § 5860.602(e)(3).

Because the Bureau complied with Section 602's notice requirements, Purchaser asserts the Bureau was not legally required to provide Owner notice of the rescheduled sale date because it rescheduled the sale within the same calendar year. Section 601(a) of the Law.

Owner counters the Bureau violated Section 601(a) of the Law by failing to convene an upset tax sale in September, 2008. Owner further contends the Bureau violated Section 602 by failing to provide notice by posting and publication of an upset tax sale to occur in September, 2008. Additionally, Owner asserts, the Bureau's failure to provide it adequate notice of the rescheduled sale date violated its constitutional due process rights.

We agree with the trial court that Purchaser's reliance on Section 601(a) and *Appeal of Manor Investments, Ltd.*, 163 Pa. Cmwlth. 226, 640 A.2d 946 (1994), is misplaced. In *Manor Investments*, the tax claim bureau originally scheduled the owner's building for tax sale in September. Unlike the present case, and of special significance, the bureau complied with all of Section 602's notice requirements for that sale.

The September sale was adjourned until October. Notice of the rescheduled sale was placed in three local newspapers, including the legal paper. The bureau also sent notice by first class mail to the owner, which was returned undelivered. The owner did not attend the tax sale, and the property was sold. The owner filed exceptions asserting it did not receive notice of the rescheduled sale. At the close of the hearing, the trial court set aside the sale. In reversing, we noted the trial court erred by disregarding the plain language

4. In tax sale cases, our review is limited to determining whether the trial court abused its discretion, rendered a decision without supporting evidence, or clearly erred as a matter

of law. *In re 2005 Sale of Real Estate by Clinton County Tax Claim Bureau Delinquent Taxes*, 915 A.2d 719 (Pa.Cmwlth.2007).

of Section 601(a), which states that no further notice is required when the tax sale is rescheduled within the same calendar year. *Manor Investments.*

A similar situation occurred in *Sale of Property of Dalessio,* 657 A.2d 1386 (Pa. Cmwlth.1995), where a landowner complained it did not receive notice of the adjournment of a tax sale from September until November. In *Dalessio,* the bureau gave the landowner written notice of the September sale, and notice for that sale was published and the property was posted. Under those conditions, this Court held that further notice of the adjournment to November was not necessary.

■ Reading *Manor Investments* and *Dalessio* together, it is clear that this Court applies Section 601(a), permitting the sale to be rescheduled without additional notice, only where all statutory notice requirements for the original sale are satisfied. That did not occur here. Instead, there was some notice for the September sale, and some other notice for the December sale, but no sale satisfied all the statutory requirements.

■ A valid tax sale depends on strict compliance with the three notice requirements in Section 602 of the Law: publication, certified mail and posting. *Fernandez v. Tax Claim Bureau of Northampton County,* 925 A.2d 207 (Pa.Cmwlth.2007). The Bureau bears the burden of proving it complied with these notice requirements. *Id.* The Bureau failed to carry its burden.

Purchaser makes an incomprehensible argument that the Bureau should be estopped from defending the regularity of the sale. The trial court did not address this argument, and it is unclear whether it was raised before that court. In any event, the argument makes no sense, since Purchaser also defends the regularity of the sale. It deserves no further discussion here.

For all the reasons discussed, the trial court properly invalidated the December, 2008 sale for noncompliance with Sections 601 and 602 of the Law.[5] We affirm.

### ORDER

**AND NOW,** this 2nd day of March, 2010, the order of the Court of Common Pleas of Luzerne County is **AFFIRMED.**

---

5. We also note the trial court's orders rescheduling the tax sale provided, "3. The [Bureau] is directed to take the requisite steps to provide adequate notice of the rescheduled sale date." Trial Ct.'s Order, 07/23/08; Trial Ct.'s Order, 10/01/08. The Bureau failed to provide Owner notice of either the rescheduled October, 2008 or December, 2008 sale dates. Moreover, the Bureau violated the court order upon which it claims the authority to effectuate the December, 2008 tax sale. This constitutes a violation of Owner's due process rights. *See Jones v. Flowers,* 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006) (before a government can force a citizen to satisfy his tax debt by forfeiting his property, due process requires the government provide adequate notice of the impending taking).