Jeannene J. SMITH

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 30, 2011.

Decided March 21, 2012.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for appellant.

Samuel P. Murray, Easton, for appellee.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge McGINLEY.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) challenges the or-der of the Court of Common Pleas of Northampton County (trial court) that granted Jeannene J. Smith's (Smith) appeal from an order of DOT which required Smith to install an ignition interlock system.

On March 31, 2010, Smith was arrested and charged with DUI. The police were called to the area of 2420 Sycamore Street to a rear alley in Wilson Borough, Northampton County, after reports of a vehicle striking a garage. Smith failed field sobriety tests. Her blood alcohol content was .35. On May 19, 2010, Smith was again arrested and charged with DUI. Police responded to a call from a woman who reported that a silver Lexus with a female driver struck her car on Lehigh Street in Easton, Pennsylvania. Police stopped Smith. She again failed field sobriety tests. Her blood alcohol content was .26.

On November 4, 2010, Smith appeared before the Court of Common Pleas of Northampton County, Criminal Division (criminal court) and pled guilty to both charges. The criminal court accepted the guilty pleas and deferred sentencing until December 16, 2010. Notes of Testimony, November 4, 2010, at 6–8, and 14–15; Reproduced Record (R.R.) at 59a–61a, and 67a–68a.

On December 17, 2010, the criminal court sentenced Smith to a term of three days to six months with credit for five days of inpatient rehabilitation and fined her $1,000 plus costs for the March 31, 2010, infraction. Smith also had to perform ten hours of community service, undergo an evaluation, and attend an alcohol highway safety program. That same day, the criminal court issued the same sentence for the second infraction to be served consecutively to the first.

By notice dated January 27, 2011, DOT advised Smith that her driving privilege was suspended for one year effective

March 3, 2011, as a result of her conviction for violating Section 3802(c) of the Vehicle Code, 75 Pa.C.S. § 3802(c), on March 31, 2010. Also, by separate notice dated January 27, 2011, DOT advised Smith that her driving privilege was suspended for one year effective March 3, 2012, as a result of her conviction for violating Section 3802(c) of the Vehicle Code, 75 Pa.C.S. § 3802(c), on May 19, 2010. The notice also informed Smith that prior to the restoration of her driving privilege, she had to install an ignition interlock system in her vehicle(s).

Smith did not appeal the suspensions of her driving privilege. She did appeal the requirement that she install the ignition interlock system on her vehicle(s) to the trial court.

On May 12, 2011, the trial court held a de novo hearing. Smith introduced the transcript of the criminal court hearing and the certified copies of the sentences. DOT introduced a certified copy of Smith's driving record. DOT argued that Smith was convicted of the first DUI before the second, even though both convictions were on the same date, so that Smith came under the ignition interlock requirement. DOT phrased the argument as "whether or not when someone pleads guilty simultaneously, is it a first and second or can it be treated simultaneously as first offenses." Notes of Testimony, May 12, 2011, at 11; R.R. at 31a.

By order dated June 24, 2011, the trial court granted Smith's appeal. The trial court reasoned:

> DOT may require the Ignition Interlock System as a condition of issuing a license '[i]f a person *violates* section 3802 (relating to driving under influence of alcohol or controlled substance) and, within the past ten years, has a *prior offense* as defined in section 3806(a) (relating to prior offenses).' 75 Pa.C.S.A. § 3805(a) (emphasis added)....

When the language of a statute is clear, this Court is required to apply its plain meaning.... The General Assembly used the term 'violates' in Section 3805(a) of the Vehicle Code.... The term 'violates' refers to 'the date on which the offense took place.'... In this case, the *violation* for which DOT seeks to impose the Ignition Interlock System took place on May 19, 2010. Thus, in applying Section 3805(a), DOT only had authority to require the Ignition Interlock System if Appellant [Smith] had a 'prior offense' as of May 19, 2010....

The General Assembly used the term 'conviction' in defining a 'prior offense.' ... For purposes of the Vehicle Code, 'a conviction includes a plea of guilty, a plea of nolo contendere, a finding of guilty by a court or an unvacated forfeiture of bail or collateral deposited to secure a defendant's appearance in court.' ... Sentencing does not have to occur for a 'conviction' to constitute a 'prior offense.' ... There is no evidence before the Court that *as of May 19, 2010,* Appellant [Smith] had a 'prior offense' in imposing the condition of the Ignition Interlock System in this case, as of May 19, 2010, Appellant [Smith] had not been 'convicted' of the March 31, 2010 violation. Thus, the March 31, 2010 violation could not have triggered Section 3805(a) of the Vehicle Code with regard to the violation that occurred on May 19, 2010.

In sum, for purposes of applying the Ignition Interlock System provisions of the Vehicle Code when presented with two or more Section 3802 DUI violations, DOT may only apply the Ignition Interlock System provisions *when the conviction on the first violation of Section 3802 occurred before the offender committed the subsequent violation of*

*Section 3802. If no conviction on that previous violation had occurred by the time the offender committed the subsequent violation, the offender cannot be required to have any vehicles equipped with an Ignition Interlock System to have a license restored.* This interpretation is consistent not only with the plain language of Sections 3805(a) and 3806(a) of the Vehicle Code but also with the reasoning of the Supreme Court and the Commonwealth Court in similar contexts.... Accordingly, DOT did not have the authority to require the Ignition Interlock System with regard to the suspension imposed for Appellant's [Smith] violation that occurred on May 19, 2010, and Appellant's [Smith] appeal will be granted. (Emphasis added by trial court and emphasis added). (Citations omitted).

Trial Court Opinion, June 24, 2011, at 2–5; R.R. at 96a–99a.

DOT contends that because Smith was convicted of her first DUI violation before she was sentenced for her second DUI violation, she had a prior offense at the time she was sentenced for her second violation, which required the installation of an ignition interlock system.[1]

Section 3805(a) of the Vehicle Code (Code), 75 Pa.C.S. § 3805(a), provides:

(a) **General rule.**—If a person violates section 3802 (relating to driving under influence of alcohol or controlled substance) and, within the past ten years, has a prior offense as defined in Section 3806(a) (relating to prior offenses) or has had their operating privileges suspended pursuant to section 1547(b.1) (relating to chemical testing to determine amount of alcohol or controlled sub-

stance) or 3808(c) (relating to illegally operating a motor vehicle not equipped with ignition interlock) and the person seeks a restoration of operating privileges, the department shall require as a condition of issuing a restricted license pursuant to this section that the following occur:

(1) Each motor vehicle owned by the person or registered to the person has been equipped with an ignition interlock system and remains so for the duration of the restricted license period.

(2) If there are no motor vehicles owned by the person or registered to the person that the person so certify to the department. A person so certifying shall be deemed to have satisfied the requirement that all motor vehicles owned by the person or registered to the person be equipped with an ignition interlock system as required by this subsection.

Section 3806 of the Code, 75 Pa.C.S. § 3806, provides:

(a) **General rule.**—Except as set forth in subsection (b), the term 'prior offense' as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition *before the sentencing on the present violation for any of the following:*

(1) an offense under Section 3802(relating to driving under influence of alcohol or controlled substance);

(2) an offense under former section 3731;

---

[1] This Court's review is limited to determining whether the trial court's findings of fact are supported by competent evidence, whether legal errors were committed, or whether the trial court's determination reflects an abuse of discretion. *Schneider v. Department of Transportation, Bureau of Driver Licensing,* 790 A.2d 363 (Pa.Cmwlth.2002).

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

**(b) Repeat offenses within ten years.**—The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the present violation occurred for any of the following:

(1) an offense under section 3802;

(2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3). (Emphasis added).

Very recently, in *Whalen v. Department of Transportation, Bureau of Driver Licensing,* —— Pa. ——, 32 A.3d 677 (2011), our Pennsylvania Supreme Court addressed the application of the ignition interlock requirement. For purposes of this discussion, the key point made in *Whalen* was that the term "prior offense" for purposes of Section 3805(a) of the Code, 75 Pa.C.S. § 3805(a), is defined in Section 3806(a) of the Vehicle Code, 75 Pa.C.S. § 3806(a). *Whalen,* —— Pa. ——, 32 A.3d at 680.

Therefore, an analysis of Section 3806(a) is necessary to determine what constitutes a "prior offense." Section 1903 of the Statutory Construction Act, 1 Pa.C.S. § 1903, provides that words and phrases shall be construed according to their common and approved usage. *Appeal of Manor Investments, Ltd.,* 163 Pa.Cmwlth. 226, 640 A.2d 946 (1994). Here, Section 3806(a) of the Vehicle Code, 75 Pa.C.S. § 3806(a), specifies that a prior offense includes a "conviction ... *before the sentencing on the present violation for any of the following:* (1) an offense under Section 3802 (relating to driving under influence of alcohol or controlled substance)." Section 3805(a) of the Code, 75 Pa.C.S. § 3805(a), provides that DOT shall impose an ignition interlock requirement in situations where a person commits a DUI violation and has a prior offense within the last ten years.

Here, Smith was convicted of the two DUI charges on November 4, 2010. She was not sentenced for the second DUI conviction until December 16, 2010, and, therefore, at the time of the sentencing, Smith did have a conviction for the March 31, 2010, first DUI. This conviction constituted a prior offense under the definition contained in Section 3806(a). As a result, Smith had a prior offense within the last ten years so that DOT properly imposed the ignition interlock requirement as set forth in Section 3805(a) of the Code.

Accordingly, this Court reverses.

### ORDER

AND NOW, this 21st day of March, 2012, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is reversed.