# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christa Dolce              :
                                              :
             v.              :    No. 201 C.D. 2016
                                                :    SUBMITTED:  July 22, 2016
Commonwealth of Pennsylvania,    :
Department of Transportation,      :
Bureau of Driver Licensing,        :
            Appellant        :


**BEFORE:**    **HONORABLE ROBERT SIMPSON,** Judge
                  **HONORABLE ANNE E. COVEY,** Judge
                  **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge


## OPINION NOT REPORTED


**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                         **FILED:  October 28, 2016**


The Commonwealth of Pennsylvania, the Department of Transportation, Bureau of Driver Licensing, appeals from an order of the Court of Common Pleas of Delaware County that, in pertinent part, sustained the statutory appeal of Licensee, Christa Dolce,[1] by rejecting the Department's requirement that she install an ignition interlock device on her vehicle upon completion of her suspension and before restoration of her operating privilege.  Because the Department is not appealing from that part of the trial court's order modifying Licensee's operating privilege suspension from eighteen to twelve months, the narrow issue before us is whether the court erred in holding that Licensee was not

---

[1] In July 2016, this Court entered an order precluding Licensee from filing a brief in this matter for failure to comply with a prior order directing her to file a brief.

required to comply with the ignition interlock requirement. For the reasons that follow, we affirm the trial court's order sustaining Licensee's statutory appeal to the extent that it directed the Department to impose a twelve-month suspension, but reverse it to the extent that it failed to require Licensee to comply with the ignition interlock requirement found in Section 3805(a) of the Vehicle Code (Code), 75 Pa. C.S. § 3805(a).

On July 18, 2005, Licensee was convicted of a December 25, 2004, violation of Section 3802(c) of the Code, 75 Pa. C.S. § 3802(c), driving under the influence of alcohol or controlled substance-highest rate of alcohol, and, consequently, the Department suspended her operating privilege for eighteen months. December 1, 2015, Hearing, Exhibit C-1 at #s 4 and 5; Reproduced Record (R.R.) at 38a and 41a.[2] Approximately ten years later, on August 25, 2015, Licensee was convicted of a February 24, 2015, violation of Section 3802(d)(3) of the Code, 75 Pa. C.S. § 3802(d)(3), driving "under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle." *Id.* at #2; R.R. at 35a. Thereafter, the Department imposed an operating privilege suspension of eighteen months and an ignition interlock requirement. *Id.* at #1; R.R. at 32-34a. In October 2015, Licensee filed a timely appeal with the trial court, which held a hearing *de novo*.

At the hearing, the trial court admitted Commonwealth Exhibit C-1 into evidence, without objection. In addition, based on an amended DL-21, depicting a change from conviction of a first degree misdemeanor to an ungraded

---

[2] As the Department noted in its brief, its counsel mistakenly stated at the hearing that Licensee accepted ARD for her first DUI violation. Department's Brief at 7 n.1.

misdemeanor, both counsel agreed that the trial court should remand the matter to the Department to modify the suspension from eighteen to twelve months.[3] December 1, 2015, Hearing, Notes of Testimony (N.T.) at 3-4; R.R. 23-24a. The Department, however, adhered to its argument that Licensee was still required to comply with the ignition interlock requirement because her second DUI violation occurred less than ten years after her first DUI conviction.

Subsequently, the trial court entered an order sustaining Licensee's appeal and directing that her operating privilege be suspended for a period of twelve months. It further ordered, however, that she did not have to comply with the ignition interlock provision upon completion of her license suspension. Common Pleas' January 14, 2016, Order; R.R. at 47a. The Department appealed, noting its agreement with the suspension reduction but reiterating its position that Licensee should be subject to the ignition interlock requirement. In its opinion, filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court acknowledged that Licensee should be subject to the ignition interlock requirement. We agree.

In general, the Department "shall impose an ignition interlock requirement in situations where a person commits a DUI violation and has a prior offense within the last ten years." *Smith v. Dep't of Transp., Bureau of Driver Licensing*, 41 A.3d 924, 928 (Pa. Cmwlth. 2012). For purposes of Section 3805(a) of the Code, the ignition interlock provision, the term "prior offense" is defined in Section 3806(a) of the Code, 75 Pa. C.S. § 3806(a). *Whalen v. Dep't of Transp.,*

---

[3] In pertinent part, Section 3804(e)(2)(i) of the Code, 75 Pa. C.S. § 3804(e)(2)(i), provides for a twelve-month suspension for an ungraded misdemeanor.

3

*Bureau of Driver Licensing*, 32 A.3d 677, 680 (Pa. 2011).  Accordingly, those two statutory provisions control the present case.

In relevant part, Section 3805(a)(1) and (2) of the Code, the ignition interlock provision, provides:

> (a) If a person *violates* section 3802 (relating to driving under influence of alcohol or controlled substance) and, *within the past ten years, has a prior offense as defined in section 3806(a)* (relating to prior offenses) . . . and the person seeks a restoration of operating privileges, the department shall require as a condition of issuing a restricted license pursuant to this section that the following occur:
>
> (1) Each motor vehicle owned by the person or registered to the person has been equipped with an ignition interlock system and remain so for the duration of the restricted license period.
>
> (2) If there are no motor vehicles owned by the person or registered to the person that the person so certify to the department.  A person so certifying shall be deemed to have satisfied the requirement that all motor vehicles owned by the person or registered to the person be equipped with an ignition interlock system as required by this subsection.

75 Pa. C.S. § 3805(a)(1) and (2) (emphasis added).  Section 3806(a)(1) of the Code, which defines prior offenses, provides:

> (a) General rule.—Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean a *conviction*, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition *before the sentencing* on the present violation for any of the following:
>
> (1) *an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)*[.]

75 Pa. C.S. § 3806(a)(1) (emphasis added).

4

In the present case, the following dates support the determination that the ignition interlock requirement is applicable to Licensee: (1) July 18, 2005: 1st conviction of Section 3802; (2) February 24, 2015: 2nd violation of Section 3802; and (3) August 25, 2015: 2nd conviction of Section 3802. Because Licensee's first DUI conviction, July 18, 2005, occurred before the sentencing on the present violation, August 25, 2015, her first DUI conviction is a "prior offense." Further, because she violated Section 3802 on February 24, 2015, which is within ten years of her first DUI conviction of July 18, 2005, she is, therefore, required to comply with the ignition interlock requirement. *See Whalen*, 32 A.3d at 680 (holding that, "based strictly on the plain text of Section 3805, the ignition interlock requirement is applicable when a person 'violates' Section 3802, and also, within the preceding ten years, had a 'prior offense,' *i.e.*, a prior conviction or prior acceptance of ARD for an offense under Section 3802 or similar provision.")

Accordingly, we affirm the trial court's order sustaining Licensee's statutory appeal to the extent that it directed the Department to impose a twelve-month suspension, but reverse it to the extent that the court failed to require Licensee to comply with the ignition interlock requirement.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christa Dolce                          :
                                      :
               v.                   :    No. 201 C.D. 2016
                                        :
Commonwealth of Pennsylvania,      :
Department of Transportation,        :
Bureau of Driver Licensing,          :
                                        :
               Appellant         :

## O R D E R

AND NOW, this 28th day of October, 2016, the order of the Court of Common Pleas of Delaware County is hereby AFFIRMED to the extent that the court sustained the statutory appeal of Licensee, Christa Dolce, and directed the Department to impose a twelve-month suspension of her operating privilege, and REVERSED to the extent that the court failed to require Licensee to comply with the ignition interlock requirement. The Department's requirement that Licensee comply with the ignition interlock provision is reinstated.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge