32 A.3d 677

John K. WHALEN, Appellee

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Supreme Court of Pennsylvania.

Argued April 13, 2011.

Decided Nov. 23, 2011.

Terrance M. Edwards, PA Department of Transportation, Harrisburg, for Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.

John Kennedy Whalen, pro se.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## OPINION

Justice McCAFFERY.

In this case, we must determine whether acceptance into an Accelerated Rehabilitative Disposition ("ARD") program following a second charge of driving under the influence of alcohol ("DUI") constitutes a DUI violation and thus triggers the requirement for installation of an ignition interlock system as a condition of license restoration. Because we determine

that the Commonwealth Court erred in its interpretation of the relevant statutory provisions when it concluded that acceptance into ARD did not establish a DUI violation, we reverse.

On August 30, 1997, John K. Whalen ("Appellee") was arrested in Florida for DUI, and on May 11, 1998, he was convicted of this offense. Nine years later, on June 29, 2007, Appellee was again arrested for DUI, this time in Pennsylvania, and he was charged with DUI, highest rate of alcohol, 75 Pa.C.S. § 3802(c). The trial court admitted Appellee into an ARD program on January 16, 2009, after expressly making a determination that Appellee's 1998 Florida DUI conviction did not present a bar to his entry into this program.[1] Appellee successfully completed his ARD program.

Pursuant to one provision of the ARD program, Appellee's driver's license was suspended for a period of sixty days,[2] effective January 16, 2009. Subsequently, the Department of Transportation (the "Department") informed Appellee that, as a condition for restoration of his operating privileges, he would be required to install an ignition interlock system on each of his vehicles. The Department's action was taken pursuant to the ignition interlock statute, which provides that if a person who has violated Section 3802 and who has also had a prior offense within the past ten years subsequently seeks a restoration of operating privileges, the Department shall require, as a condition of issuing a restricted license, that each motor vehicle owned by the person be equipped with an ignition interlock system. See 75 Pa.C.S. § 3805. In March 2009, Appellee appealed the ignition interlock requirement to the

1. As a general rule, a defendant may not participate in an ARD program if he or she has been found guilty of or accepted ARD for a DUI charge within ten years of the current offense. 75 Pa.C.S. § 3807(a)(2)(i). Here, the trial court concluded that Appellee was eligible for ARD, despite his prior Florida DUI conviction, based on the trial court's determination that the elements of the Pennsylvania and Florida DUI statutes under which Appellee had been charged were different. See Trial Court Opinion, filed 12/15/08 (citing Commonwealth v. Shaw, 560 Pa. 296, 744 A.2d 739, 743 (2000)). The propriety of the trial court's determination is not before us.

2. See 75 Pa.C.S. § 3807(d)(3)(i) (mandating a 60-day suspension of operating privileges as a condition of entry into an ARD program if the defendant's blood alcohol concentration was 0.16% or higher).

court of common pleas, arguing that the Department had no authority to impose this requirement in his case because ARD was not an adjudication of guilt. Notes of Testimony, 5/12/09, at 8–10. The trial court reversed the Department's decision, holding that the statutory ignition interlock requirement did not apply to Appellee because he had not been "convicted" of "violating" any Pennsylvania DUI provision. Trial Court Opinion, filed 7/1/09, at 8. The Commonwealth Court affirmed in a published opinion. *Whalen v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing,* 990 A.2d 826 (Pa.Cmwlth.2010).

The Department filed a petition for allowance of appeal, which we granted as to the following issue:

Does [Appellee's] acceptance of ARD for his second DUI charge establish a DUI violation and thereby trigger the statutory ignition-interlock requirement where: the general assembly and the courts have consistently treated the acceptance of ARD for a DUI charge as an adjudication mandating the imposition of suspensions or revocations, even where the language of the statute required conviction; and the statute at issue here only requires a violation and suspension in order to require installation of an ignition interlock as a condition of license restoration?

*Whalen v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing,* 608 Pa. 142, 10 A.3d 900 (2010).

 The issue presented is purely a matter of statutory interpretation, and hence our standard of review is *de novo* and our scope is plenary. *Holt's Cigar Company, Inc. v. City of Philadelphia,* 608 Pa. 146, 10 A.3d 902, 906 (2011). The object of all statutory interpretation is to ascertain and effectuate the intent of the General Assembly. 1 Pa.C.S. § 1921(a); *McGrory v. Commonwealth of Pennsylvania, Department of Transportation,* 591 Pa. 56, 915 A.2d 1155, 1158 (2007). In general, the best indication of legislative intent is the plain text of the statute. *McGrory, supra.* However, when the words of the statute are not explicit, the General Assembly's intent may be ascertained by considering other

factors, including the occasion and necessity for the statute; the circumstances under which it was enacted; the mischief to be remedied; the object to be attained; a former version of the law or other statutes on a similar subject; and the consequences of a particular interpretation. 1 Pa.C.S. § 1921(c); *Commonwealth v. Shiffler*, 583 Pa. 478, 879 A.2d 185, 189 (2005). In ascertaining the General Assembly's intent, we presume that the legislators have not intended an absurd or unreasonable result, and that they intend to favor the public interest as against any private interest. 1 Pa.C.S. § 1922(1) and (5).

■ The statute at issue is 75 Pa.C.S. § 3805, pursuant to which the General Assembly has mandated the installation of an ignition interlock system as a condition for the restoration of operating privileges of repeat drunk driving offenders. An "ignition interlock system" is statutorily defined as "[a] system approved by the department which prevents a vehicle from being started or operated unless the operator first provides a breath sample indicating that the operator has an alcohol level less than 0.025%." 75 Pa.C.S. § 3801. The purpose of the ignition interlock statute is not to impose further punishment on repeat DUI offenders for past conduct, but rather to protect society from those whose history suggests that they may continue to drive while intoxicated. *Alexander v. Commonwealth of Pennsylvania, Department of Transportation*, 583 Pa. 592, 880 A.2d 552, 560–61 (2003).

The ignition interlock statute reads, in relevant part, as follows:

§ 3805. **Ignition interlock**

(a) **General rule.**—If a person **violates section 3802** (relating to driving under influence of alcohol or controlled substance) and, within the past ten years, has a **prior offense** as defined in section 3806(a) (relating to prior offenses) . . . and the person seeks a restoration of operating privileges, the department shall require as a condition of issuing a restricted license pursuant to this section that the following occur:

(1) Each motor vehicle owned by the person or registered to the person has been equipped with an ignition interlock system and remains so for the duration of the restricted license period.

75 Pa.C.S. § 3805 (emphasis added to text).

The definition of "prior offense" for purposes of Section 3805, as set forth in Section 3806(a), is, in relevant part, the following:

**§ 3806. Prior offenses**

**(a) General rule.**— ... the term **"prior offense"** as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, **acceptance of Accelerated Rehabilitative Disposition** or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under the influence of alcohol or controlled substance);

(2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa.C.S. § 3806 (emphasis added to text).

Thus, based strictly on the plain text of Section 3805, the ignition interlock requirement is applicable when a person "violates" Section 3802, and also, within the preceding ten years, had a "prior offense," *i.e.,* a prior conviction or prior acceptance of ARD for an offense under Section 3802 or similar provision.

As we have previously explained, *see Commonwealth v. Mockaitis,* 575 Pa. 5, 834 A.2d 488 (2003), the impetus for enactment of the ignition interlock statute was a federal statute [3] requiring each state to enact and enforce a "repeat

---

**3.** "Minimum penalties for repeat offenders for driving while intoxicated or driving under the influence." Pub.L. 105–178, Title I, § 1406(a), as added Pub.L. 105–206, Title IX, § 9005(a), July 22, 1998, 112 Stat. 845, *as amended,* codified at 23 U.S.C. § 164.

intoxicated driver law" as a necessary condition to prevent the diversion of certain federal highway funds earmarked to the state. *Id.* at 491 (quoting 23 U.S.C. § 164(b)(1)). Federal law defines the requirements for a qualifying "repeat intoxicated driver law," *i.e.*, one that prevents diversion of the federal funds. Those requirements include the following:

(a) **Definitions.**—In this section, the following definitions apply:

\*　　\*　　\*

(5) **Repeat intoxicated driver law.**—The term "repeat intoxicated driver law" means a State law that provides, as a minimum penalty, that an individual convicted of a second or subsequent offense for driving while intoxicated or driving under the influence after a previous conviction for that offense shall—

\*　　\*　　\*

(B) be subject to the impoundment or immobilization of, or the installation of an ignition interlock system on, each motor vehicle owned or operated, or both, by the individual;

23 U.S.C. § 164(a)(5)(B).

Thus, pursuant to federal law, two or more DUI *convictions* place an offender within the purview of a "repeat intoxicated driver law." However, as discussed above, when the General Assembly enacted 75 Pa.C.S. § 3805 in response to this federal requirement, it chose not to require two convictions to bring a defendant within the scope of the statute, but rather to require a "prior offense," which could be a conviction or an acceptance of ARD, and then a "violat[ion]" of § 3802. 75 Pa.C.S. § 3805; *see* text *supra*.

*Mockaitis* interpreted a prior version of the Pennsylvania statute enacted in response to this federal mandate. Effective February 1, 2004, the prior law was repealed and replaced with legislation delegating to the Department, not the courts, the authority to impose the interlock requirement. *See McGrory v. Commonwealth of Pennsylvania, Department of Transportation*, 591 Pa. 56, 915 A.2d 1155, 1156 n. 1 and 1162 n. 6 (2007); *Alexander v. Commonwealth of Pennsylvania, Department of Transportation*, 583 Pa. 592, 880 A.2d 552, 553 n. 1 and 554 n. 3 (2005). These changes in the law do not affect the instant appeal.

Decisional law from this Commonwealth has made clear that acceptance into an ARD program does not constitute a conviction. See *Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928, 933 (1985) (explaining that ARD is appropriate only when society's representative in the case, the district attorney, acting with the court and within the applicable rules, determines that ARD is preferable to conviction because of the strong likelihood that a given criminal defendant will in fact be rehabilitated by an ARD program); *Commonwealth v. Brown,* 449 Pa.Super. 346, 673 A.2d 975, 979 (1996) (recognizing that "numerous cases" have held that admission into an ARD program is not a conviction that may be used for impeachment): *Commonwealth v. Krall,* 290 Pa.Super. 1, 434 A.2d 99, 100–01 (1981) ("The thrust of the A.R.D. Program is to enable a defendant, before he has been convicted of a crime, to enter into a program which hopefully will result in his rehabilitation without the necessity of trial and conviction.").

Although ARD is legally distinct from a conviction, the General Assembly has chosen to equate ARD with a conviction under a variety of circumstances. For example, ARD "may be statutorily construed as a conviction for purposes of computing sentences on subsequent convictions." Comment to Pa. R.Crim.P. 312: *see Commonwealth v. Pleger,* 934 A.2d 715, 717 (Pa.Super.2007) (determining, based on the statutory text, that ARD was to be viewed as a conviction for sentencing purposes on subsequent DUIs).[4]

■■ We turn now to the applicability of Section 3805's ignition interlock requirement to Appellee's unusual circumstances. It is not disputed here that Appellee had a "prior

---

4. *Also compare* 75 Pa.C.S. § 1603 (defining conviction for purposes of the Uniform Commercial Driver's License Act to include acceptance of ARD) with 75 Pa.C.S. § 6501 (defining conviction for purposes of Title 75 as including "a plea of guilty, a plea of *nolo contendere,* a finding of guilty by a court or an unvacated forfeiture of bail or collateral deposited to secure a defendant's appearance in court," but not mentioning ARD); *see also Thorek v. Commonwealth of Pennsylvania, Department of Transportation,* 938 A.2d 505 (Pa.Cmwlth.2007) (concluding that the definition of conviction in § 1603 includes acceptance into ARD, but the definition of conviction in § 6501 is more limited and does not include ARD).

offense" for purposes of Section 3805, *i.e.,* his 1998 DUI conviction in Florida. The only issue is whether Appellee "violated" Section 3802 for purposes of Section 3805 by virtue of his having been accepted into and having completed an ARD program to resolve his 2007 DUI charge. Largely adopting the reasoning of the trial court, the Commonwealth Court held that there was no factual basis from which to conclude that Appellee had "violated" Section 3802. *Whalen, supra* at 831. The Commonwealth Court relied on the facts that Appellee did not acknowledge violating Section 3802 in his ARD agreement and, subsequent to his completion of the ARD program, the charges were dismissed and Appellee's arrest record was expunged. Furthermore, the Commonwealth Court recognized that acceptance into an ARD program does not constitute a conviction, nor does Section 3805 statutorily equate acceptance into ARD with a conviction or violation. *Whalen, supra* at 831. Reviewing the Vehicle Code, the Commonwealth Court concluded that when the General Assembly intends to equate acceptance into ARD with a conviction or violation, it does so expressly. *Id.* (citing, as examples of the General Assembly's expressions of intent in this regard, 75 Pa.C.S. § 1542 (considering acceptance of ARD as an offense for purposes of defining an "habitual offender"), and § 3806 (defining a "prior offense" for purposes of the DUI chapter of the Vehicle Code to include, *inter alia,* a conviction or an acceptance of ARD). Hence, to establish that a person "violated" Section 3802 for purposes of Section 3805's ignition interlock requirement, the Commonwealth Court would require either a judicial determination of guilt, *e.g.,* a conviction, or a statutory provision expressly equating acceptance into an ARD program with a conviction or violation for purposes of Section 3805.

Before this Court, the Department emphasizes the precise wording of the ignition interlock statute: the provision applies to "a person [who] *violates* section 3802;" the provision does not explicitly require a DUI conviction. 75 Pa.C.S. § 3805; Department's Brief at 11–12. The Department argues that a person's voluntary acceptance of ARD for a DUI offense is an

implicit acknowledgment that the person violated Section 3805. Department's Brief at 9–10. Furthermore, the Department suggests that the primary purpose of ARD—rehabilitation of the offender—is not compatible with a defendant who accepts ARD while insisting that he did not violate the law. The Department notes the "elaborate process" involved in an ARD program, including a judge hearing the facts of the case and a determination that ARD is warranted under the particular circumstances of the case. *Id.* at 9 (citing Pa.R.Crim.P. 313(C)). Finally, the Department asserts that construing the term "violate" to encompass acceptance of ARD advances the public interest in keeping drunk drivers off the road. Department's Brief at 12.

In contrast, and in agreement with the Commonwealth Court, Appellee asserts that there is no factual basis for a finding that he violated Section 3802 because he has never admitted a violation, nor was his guilt judicially determined. Appellee maintains that imposition of the ignition interlock requirement is proper only upon a second DUI *conviction,* which is legally distinct from acceptance into ARD. Appellee's Brief at 6–9.

Appellee is correct that acceptance into ARD is distinct from a conviction; however, this distinction is not dispositive here because the plain text of Section 3805 does not require— or even mention—a conviction. Pursuant to the text of Section 3805, installation of an ignition interlock system is required for restoration of the operating privileges of a person with a "prior offense" who *"violates"* section 3802. Importantly, by its plain text, Section 3805 does *not* require that a person be convicted of a Section 3802 violation. We do not equate a violation with a conviction, nor do we assume that the General Assembly does so.[5] The General Assembly's choice of statutory language must be given full effect, and therefore it is important to emphasize that the question before us is whether

5. The definitions of violation and conviction are not the same. Violation is defined as "[a]n infraction or breach of the law [or t]he act of breaking or dishonoring the law." Conviction is defined as "[t]he act or process of judicially finding someone guilty of a crime; the state of having been proved guilty." Black's Law Dictionary, 8th Ed. (2004).

acceptance of ARD constitutes a violation, not whether acceptance of ARD constitutes a conviction.

The language used to describe and discuss ARD is replete with references to the offender and the offense. *See, e.g., Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928, 935 (1985) (holding that the decision to submit a case for ARD consideration rests with the district attorney who should exercise his discretion "based on his view of what is most beneficial for society and the *offender* "); *Commonwealth v. Shawver,* 18 A.3d 1190, 1199 (Pa.Super.2011) (discussing an appellant who "accepted ARD for his [ ] 2008 DUI *offense* "): *Kolva v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing,* 977 A.2d 1248, 1249 (Pa. Cmwlth.2008) (discussing an appellant who was accepted into an ARD program for a DUI *"offense"*). Similarly, in the comment generally explaining ARD in the Pennsylvania Rules of Criminal Procedure, the following sentences clearly show that a participant in ARD is assumed under the rules to be an offender:

> The primary purpose of [ARD] is the rehabilitation of the *offender*: .... These rules contemplate that ordinarily the defendants eligible for the ARD program are *first offenders* who lend themselves to treatment and rehabilitation rather than punishment.... The program is intended to encourage *offenders* to make a fresh start after participation in a rehabilitative program and offers them the possibility of a clean record....
>
> ... These rules do not specify those classes of *offenses* or *offenders* that are eligible or ineligible for inclusion in the ARD program.

Explanatory Comment to Chapter 3 of the Pa.R.Crim.P., "Accelerated Rehabilitative Disposition" (emphases added).

Furthermore, the statute itself sets forth numerous mandatory conditions applicable to a defendant who is offered ARD "for a *violation* of section 3802." 75 Pa.C.S. § 3807(b). These conditions include, *inter alia,* payment of fees, costs, and restitution, all incurred consequent to a DUI offense:

**(b) Evaluation and treatment.—**

(1) A defendant offered [ARD] for a *violation of section 3802* is, as a condition of participation in the program, subject to the following requirements in addition to any other conditions of participation imposed by the court:

\* \* \*

(v) The defendant must make *restitution* to any person that incurred determinable financial loss as a result of the defendant's actions which resulted in the *offense*. Restitution must be subject to court supervision.

(vi) The defendant must pay the reasonable *costs* of a municipal corporation in connection with the offense....

(vii) The defendant must pay any other *fee, surcharge* or *cost* required by law.

75 Pa.C.S. § 3807(b)(1) (emphases added to text).[6]

Thus, a defendant who accepts ARD for a DUI offense must agree to pay for the financial losses incurred by an individual or municipality due to his or her actions that resulted in the offense. These statutory requirements for participation in ARD imply that a defendant who accepts ARD has indeed committed a DUI offense, *i.e.*, has violated Section 3802. It would make no sense to require, as a condition of participation in ARD, that a defendant compensate those who incurred financial losses "as a result of [his or her] actions which resulted in the offense" if, in fact, none of the defendant's actions resulted in the offense.

In addition, we agree with the Department that it is difficult to envision how the primary purpose of ARD—rehabilitation of the offender[7]—could be accomplished if the offender disputed the commission of the offense. ARD is not some trivial

---

6. *See also* Pa.R.Crim.P. 316(A):

(A) The conditions of the [ARD] program may be such as may be imposed with respect to probation after conviction of a crime, including restitution, except that a fine may not be imposed. In addition, the conditions of the program may include the imposition of costs, the imposition of a reasonable charge relating to the expense of administering the program, and such other conditions as may be agreed to by the parties.

7. *See Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928, 931 (1985) ("The impetus behind the creation of [the ARD] rules was the belief ...

mechanism for avoiding a conviction and expunging an arrest record. Rather, it is an intensive process involving personal assessments, safety classes, and addiction treatment if necessary, all under court supervision for six months to a year and all designed to rehabilitate the offender. 75 Pa.C.S. § 3807(b). Before a case is resolved via ARD, the judge must hear the facts of the case, the defendant must indicate understanding of the proceedings and agree to the conditions, and the judge must conclude that the case warrants ARD. Pa.R.Crim. P. 313. Informing all of these proceedings must be the primary purpose of ARD, to wit, rehabilitation. If the defendant has committed no offense, rehabilitation is not necessary and ARD's primary purpose is irrelevant. Appellee is, of course, correct in his assertion that acceptance of ARD does not involve a guilty plea. However, that assertion of fact should not be allowed to obscure the common sense observation that a defendant who actively denies that he committed a violation of law is simply not a likely or promising candidate for ARD.

Our reading of the entirety of Section 3807, informed by well-established decisional law from the appellate courts of this Commonwealth and the Rules of Criminal Procedure as they apply to ARD, lead us to conclude that, for purposes of Section 3805 (the ignition interlock statute), a defendant who has accepted ARD to resolve a DUI charge is a person who has violated Section 3802. The fact that the defendant who has accepted ARD has not been convicted of that violation is neither required nor relevant for purposes of Section 3805.

To attempt to refute the above interpretation, Appellee strongly argues that acceptance of ARD cannot be considered as a violation for purposes of Section 3805 simply because that provision does not expressly define ARD as such. We cannot accept Appellee's argument, based on the following multi-step reasoning.

As we have discussed above, for Section 3805's ignition interlock requirement to be applicable, a person must have a

that some cases which are relatively minor or which involve social or behavioral problems can best be solved by *programs and treatments* rather than by punishment.") (emphasis added).

"prior offense" and then must "violate[ ]" Section 3802. As Appellee points out, Section 3805 does not define "violate;" however, Section 3805 *does* provide a definition of "prior offense." For purposes of Section 3805, "prior offense" is expressly defined, not just as a conviction, but also as acceptance of ARD. 75 75 Pa.C.S. § 3805 (citing § 3806). Therefore, as a direct result of this definition, when an offender's first DUI offense is resolved by ARD and his second DUI offense results in conviction, the ignition interlock requirement is applicable pursuant to the plain text of Section 3805. To repeat this important point in short-hand form: acceptance of ARD (DUI offense 1), followed by conviction (DUI offense 2) triggers the ignition interlock requirement.

Next, ARD is generally *not* available for repeat offenders. *See* 75 Pa.C.S. § 3807(a)(2)(i); Explanatory Comment to Chapter 3 of the Pa.R.Crim.P. (". . . ordinarily the defendants eligible for the ARD program are first offenders. . . ."). Thus, under most circumstances, the statute does not contemplate a defendant who has a conviction for DUI offense 1, followed by an acceptance of ARD for DUI offense 2. Nonetheless, these are the precise circumstances here, because the trial court held that Appellee's first DUI offense, which resulted in a conviction in another jurisdiction, did not preclude his eligibility for ARD. The matter of the trial court's logic and reasoning with respect to its characterization of Appellee's first DUI offense *is* not before us. The question that is before us concerns a situation not expressly addressed by Section 3805's statutory scheme, to wit, whether a repeat offender who first has a conviction (DUI offense 1) and then accepts ARD (DUI offense 2) is subject to the ignition interlock requirement for restoration of his operating privileges.

As discussed above, the ignition interlock requirement was enacted as a public safety measure to prevent repeat DUI offenders from drinking and driving, not as an additional punishment for repeat offenders. *Alexander,* 880 A.2d at 560–61. There is no question that 2 convictions for 2 DUI offenses triggers the ignition interlock requirement. Similarly, acceptance of ARD (DUI offense 1), followed by conviction (DUI

offense 2) triggers the ignition interlock requirement. We discern no intent on the part of the General Assembly to mandate a completely opposite outcome, *i.e.*, *no* trigger of the ignition interlock requirement, for the highly unusual situation where conviction (DUI offense 1) is followed by acceptance of ARD (DUI offense 2).[8] The person who is convicted of DUI offense 1, and then accepts ARD for DUI offense 2, is a repeat offender as surely as the person who accepts ARD for DUI offense 1 and then is convicted of DUI offense 2. The public safety issues are equivalent in both cases, and accordingly, we conclude that the General Assembly intended to impose the ignition interlock requirement in both cases.

We reverse the order of the Commonwealth Court, and remand to the trial court for issuance of an order upholding the Department's determination that Appellee must install an ignition interlock system on his vehicles.

Justices BAER, TODD and ORIE MELVIN join the opinion.

Justice EAKIN files a dissenting opinion, in which Chief Justice CASTILLE and Justice SAYLOR join.

8. Pursuant to Section 3807(a), there is one circumstance where a defendant might be offered ARD even though he or she had previously been found guilty of or accepted ARD for a prior DUI charge. That exception is when the defendant's first DUI charge was for an ungraded misdemeanor under subsection 3802(a)(2), which requires a blood alcohol concentration of at least 0.08% but less than 0.10%, the lowest concentration that is addressed under the statute. Thus, a defendant previously convicted under subsection 3802(a)(2) (DUI offense 1) may be considered for ARD if he or she is subsequently charged with a second DUI offense. *See* 75 Pa.C.S. § 3807(a)(2)(i). We discern no intent on the part of the General Assembly to exempt such an offender from the ignition interlock requirement of Section 3805 for restoration of operating privileges. Section 3805 simply refers to a violation of Section 3802, without differentiating among the subsections for different levels of blood alcohol concentration.

One additional point is worth noting here. When a defendant whose blood alcohol concentration was less than 0.10% accepts ARD, license suspension is not a condition of ARD participation. 75 Pa.C.S. § 3807(d)(1). When there has been no license suspension, the ignition interlock statute does not come into play because ignition interlock is a condition of license restoration. If there has been no suspension, there is obviously no need for restoration.

Justice EAKIN, dissenting.

I respectfully dissent from the majority opinion, as I do not believe an agreement to enter Accelerated Rehabilitation Disposition (ARD) necessarily equates to admission of a violation of 75 Pa.C.S. § 3802. Here, the trial court found appellee was eligible for the ARD program after concluding the Florida charges did not constitute a prior DUI offense. *See* Majority Op. at 66 n. 1, 32 A.3d at 678 n. 1 (citing Trial Court Opinion, 12/15/08, at 1–2 (citation omitted)).[1] Once appellee was accepted into ARD, all criminal proceedings against him were stayed, and upon successful completion of the program, the charges were dismissed and his arrest record was expunged. At no point during the criminal proceedings was appellee explicitly found to be in violation of 75 Pa.C.S. § 3802.

Despite this, the Department of Transportation considered his acceptance of ARD as determination there was a violation of § 3802. *See* Official Notice of Suspension of Your Driving Privilege, 2/25/09 ("Before your driving privilege can be restored you are required by law to have all vehicle(s) owned by you to be equipped with an Ignition Interlock System. This is a result of your *conviction* for Driving Under the Influence.") (emphasis added). Similarly, the majority concludes "for purposes of Section 3805 (the ignition interlock statute), a defendant who has accepted ARD to resolve a DUI charge is a person who has violated Section 3802." Majority Op. at 76, 32 A.3d at 685. No matter how simple or salient this result, it is one with which I cannot agree.

Too often considered the equivalent of a guilty plea, ARD is a device which specifically makes a guilty plea irrelevant. Merely charging someone with committing a violation does not constitute proof there was a violation—there must be more, but ARD does not require more. If it is to become more by presumption, the statute must say so.

ARD entry requires no admission of guilt by the accused nor proof thereof by the prosecution. Defendants facing DUI

1. As properly noted by the majority, this determination by the trial court is not before us. *See id.*

charges often request ARD, to be sure, for if available, acceptance eliminates mandatory incarceration, not an insignificant consideration. ARD limits costs to both sides, addresses legitimate societal concerns such as rehabilitation, restitution, and the like, but to state that every person who enters ARD has "violated" § 3802 is just not accurate. If it is to be that entry into ARD shall be treated as a finding of guilt sufficient to require interlock, the statute would say so, but it does not.

Thus, because I believe mere acceptance into the ARD program does not equate to a violation of § 3802, I respectfully dissent.

Chief Justice CASTILLE and Justice SAYLOR join this opinion.