J-E01004-22

2022 PA Super 170

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :         PENNSYLVANIA
                                             :
            v.                           :
                                           :
                                         :
JONATHAN RICHARDS             :
                                           :
          Appellant            :     No. 1673 EDA 2020

Appeal from the Judgment of Sentence Entered August 19, 2020
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0000738-2020

BEFORE: PANELLA, P.J., BENDER, P.J.E., BOWES, J., LAZARUS, J., STABILE,
        J., KUNSELMAN, J., McLAUGHLIN, J., KING, J., and McCAFFERY, J.

DISSENTING OPINION BY McCAFFERY, J.:      **FILED OCTOBER 4, 2022**

     The Majority's decision to overrule ***Commonwealth v. Chichkin***, 232

A.3d 959 (Pa. Super. 2020), may be summarized as follows: (1) DUI is a

serious offense; (2) ARD is not merely a "trivial mechanism" to avoid a

conviction, but rather, an intensive process under court supervision; (3) while

acceptance of ARD is **not** a criminal conviction, it includes procedural

safeguards that are "adequate" enough; (4) the legislature has decided that

ARD should constitute a conviction for purposes of the DUI recidivism statute;

(5) acceptance of ARD is voluntary, and a defendant is presumed to know the

recidivism statute treats their ARD acceptance as a first conviction; thus, (6)

"notice and voluntary ARD acceptance mitigate the due process concerns

advanced in ***Chichkin***." Majority Op. at 7, 10-12 (citation omitted). Because

I conclude the Majority's decision does not address ***Chichkin***'s holding that

75 Pa.C.S. § 3806(a) is constitutionally deficient in light of *Alleyne v. United States*, 570 U.S. 99 (2013), I strongly dissent.

Preliminarily, I am compelled to emphasize that the *Chichkin* decision does not in any way imply that DUI is **not** a serious offense; indeed, all criminal offenses are serious. That said, the constitutionality of a criminal statute is not judged on a sliding scale based upon the seriousness of the crime. *Chichkin* also does **not** imply, as the Majority suggests, that acceptance of ARD is simply a "trivial mechanism." *See* Majority Op. at 7, *citing* **Whalen v. Com., Dept. of Transp. Bureau of Driver Licensing**, 32 A.3d 677, 684 (Pa. 2011).[1] However, as the Majority agrees, ARD is "legally distinct from a [criminal] conviction[,]" and "does not carry the same procedural safeguards of a conviction following a bench or jury trial[.]" *Id.* at 7, 11, *citing* **Whalen**, 32 A.3d at 681. *See Chichkin*, 232 A.3d at 967-68 (noting ARD participant "need not admit his or her guilt, and the Commonwealth is not required to prove the defendant's culpability beyond a reasonable doubt").

---

[1] The Majority relies on **Whalen** throughout its opinion presumably to demonstrate the Pennsylvania Supreme Court has approved of the Pennsylvania Legislature's designation of ARD as a prior conviction for the purpose of recidivist sentencing. *See* Majority's Op. at 7, 10-11. However, its reliance on **Whalen** is misplaced for two reasons. First, **Whalen** was decided in 2011, before the United States Supreme Court issued its **Alleyne** decision in 2013; thus, the Court did not consider or address the concerns of **Alleyne**. Second, **Whalen** concerned the propriety of a requirement that a repeat DUI offender must install an ignition interlock system on their vehicles prior to the restoration of their license — a requirement which is not the same as mandatory minimum criminal sentence. **See Whalen**, 32 A.3d at 678-79.

Although the Majority summarizes *Chichkin*, it fails to address *Chichkin*'s ultimate determination that Section 3806 violates the holding of *Alleyne* — "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 103. Rather, the Majority bypasses an *Alleyne* discussion by concluding the following: The **fact** of a prior conviction, as delineated by the Supreme Court in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), remains an exception to *Alleyne*, and the Pennsylvania Legislature has "statutorily construed [ARD to be] a conviction for purposes of computing sentences on subsequent convictions." Majority Op. at 10-11 (quotation marks omitted), *citing* **Whalen**, 32 A.3d at 681. Although the acceptance of ARD "does not carry the same procedural safeguards of a conviction following a bench or jury trial, . . . the safeguards in place [are] **adequate**." Majority Op. at 11 (emphasis added). When a defendant **voluntarily** accepts ARD, they are "presumed to be aware" of Section 3806, which equates their acceptance of ARD to a prior conviction for future sentencing purposes. *Id.* Thus, the Majority pronounces that Section 3806(a) "passes constitutional muster." *Id.* at 12.

The Majority's decision in untenable. I begin by emphasizing that *Alleyne* "effected a sea change in this area of the law." *Commonwealth v. Hopkins*, 117 A.3d 247, 257 (Pa. 2015). As the Pennsylvania Supreme Court explained:

> [I]n **Alleyne**, the United States Supreme Court extended its **Apprendi**[2] line of cases, **overturned** its prior decisions . . . and concluded that, when a factual determination is necessary for the imposition of a mandatory minimum sentence, the facts must be considered an element of a new, distinct aggravated offense. Moreover, as an element of the offense, the factual determination must be specifically alleged in the charging document, and the defendant has a right to have that fact determined by a jury beyond a reasonable doubt.

*Id.* at 256-57 (some citations and quotation marks omitted; emphasis added).

Applying **Alleyne**'s mandate, "the Courts of this Commonwealth have concluded that many of our mandatory minimum sentencing statutes are unconstitutional because they permit judicial fact finding by the sentencing court, under a preponderance of the evidence standard, absent pretrial notice to the defendant." **Chichkin**, 232 A.3d at 965.

Nevertheless, as **Chichkin** acknowledged, the narrow exception outlined in **Almendarez-Torres** still applies — "when a defendant is subjected to an increased sentence **based upon a prior conviction**, the 'fact' of the prior conviction need **not** be submitted to a jury and found beyond a reasonable doubt." **Chichkin**, 232 A.3d at 966 (some emphasis added). Thus, the relevant question presented in **Chichkin**, (as well as the case *sub judice*), was whether the defendant's "prior acceptance[ ] of ARD constitute[s] an unproven 'fact,' which must be submitted to a jury, or a prior conviction, which may be determined by the court at sentencing." **Id.**

---

2 **Apprendi v. New Jersey**, 530 U.S. 466 (2000).

- 4 -

The Majority insists a defendant's voluntary acceptance of ARD should constitute a prior offense for recidivism purposes because (1) the Pennsylvania Legislature has deemed it so, and (2) a defendant who voluntarily accepts ARD "is presumed to be aware of" Section 3806. Majority Op. at 10-11. I disagree.

The fact **the Legislature** has deemed the acceptance of ARD to be a prior conviction for DUI recidivism sentencing purposes does not control our review. Rather, the "separation of powers in our tripartite system of government typically depends upon judicial review to check acts or omissions by the other branches in derogation of constitutional requirements." ***William Penn Sch. Dist. v. Pennsylvania Dep't of Educ.***, 170 A.3d 414, 418 (Pa. 2017). ***See Marbury v. Madison***, 5 U.S. 137, 138 (1803) ("An act of congress repugnant to the constitution cannot become a law."). Thus, the courts have not only the authority — but the responsibility — to consider whether a law enacted by the legislature passes constitutional muster.

Moreover, although the Majority relies on the legal precept that a defendant is **presumed** to be aware of relevant statutory law, I emphasize that the Pennsylvania Rules of Criminal Procedure do **not** require the Commonwealth or the trial court to inform a defendant that their "non-conviction" acceptance of ARD — which will result in **expungement** of the charges if the defendant successfully completes the program — is still considered a prior conviction should they be found guilty of a subsequent DUI.

*See* Pa.R.Crim.P. 300-320. In fact, Rule 312, mandates the court ascertain, on the record, that the defendant understands **only** that:

> (1) acceptance into and satisfactory completion of the accelerated rehabilitative disposition program offers the defendant an opportunity to earn a dismissal of the pending charges; [and]
>
> (2) should the defendant fail to complete the program, the defendant waives the appropriate statute of limitations and the defendant's right to a speedy trial under any applicable Federal or State constitutional provisions, statutes or rules of court during the period of enrollment in the program.

Pa.R.Crim.P. 312(1)-(2). There is no requirement that the court or the Commonwealth inform the defendant of the ramifications of Section 3806, or for that matter, of the significant constitutional rights they waive by accepting ARD. Further complicating the matter is the fact that each county administers its ARD program differently; accordingly, the fact that **some** counties **may** inform defendants that their acceptance of ARD may be treated as a prior conviction is of no moment.

Nevertheless, the Majority reasons that the defendant's "presumed" notice of Section 3806, coupled with their **voluntary** acceptance[3] of ARD,

---

[3] I take issue with the Majority's cavalier statement that a defendant "is free to reject participation in the program if he wishes to avail himself of his full panoply of constitutional rights." Majority Op. at 11. Defendants should not be required to choose whether to give up their constitutional rights absent any requirement that they be **informed** of those rights. Indeed, in other situations where a defendant waives constitutional rights — such as a guilty plea or bench trial — the law requires an on-the-record colloquy so that the trial court is satisfied that the waiver of constitutional rights is **knowing and voluntary**. *See Commonwealth v. Hines*, 437 A.2d 1180, 1182 (Pa. 1981) ("Because a guilty plea is not only an admission of conduct but also is an
*(Footnote Continued Next Page)*

"mitigate[s] the due process concerns advanced in **Chichkin**." **See** Majority Op. at 11-12. This argument mirrors the following line of reasoning advocated by the Commonwealth:

> [T]here is nothing fundamentally unfair about treating a DUI-ARD as a prior offense solely for the purpose of a sentencing enhancement for a subsequent DUI conviction where the defendant voluntarily agrees to accept ARD for a DUI offense with the understanding that it will be so treated. **Indeed, defendants who accept ARD for DUI offenses willingly agree to give up their "cloak of innocence" for the singular and limited purpose of having that offense count as a prior conviction for sentencing purposes of a subsequent DUI conviction.** There is nothing about this bargain that violates a principle of justice so rooted in the traditions and conscience as to be ranked as fundamental.

Commonwealth's Brief at 17-18 (emphasis added). This claim must be rejected for several reasons.

First, "a criminal defendant cannot agree to an illegal sentence[.]" **Commonwealth v. Gentry**, 101 A.3d 813, 819 (Pa. Super. 2014) (explaining "the fact that the illegality was a term of his plea bargain is of no legal significance"). Second, a defendant cannot knowingly waive constitutional

---

admission of all the elements of a formal criminal charge, and constitutes the waiver of constitutionally-guaranteed rights, the voluntariness of a guilty plea must be affirmatively established."); **Commonwealth v. Stokes**, 299 A.2d 272, 276 (Pa. 1973) ("The constitutional right to trial by jury, as with other constitutional rights, will not lightly be deemed to have been waived[ and] courts indulge every reasonable presumption against waiver of such fundamental constitutional rights."). As the United States Supreme Court declared nearly 60 years ago: "If the exercise of constitutional rights will thwart the effectiveness of a system of law enforcement, then there is something very wrong with that system." **Escobedo v. Illinois**, 378 U.S. 478, 490 (1964) (footnote omitted).

rights of which they are not explicitly informed. ***See Hines***, 437 A.2d at 1182; ***Stokes***, 299 A.2d at 276.

Third, this Court has consistently rejected attempts to overcome ***Alleyne*** by operating outside the offending statutory framework. ***See Commonwealth v. Fennell***, 105 A.3d 13, 20 (Pa. Super. 2014) (defendant's stipulation to weight of drugs which triggered mandatory minimum sentence for conviction of possession with intent to deliver did not satisfy ***Alleyne***); ***Commonwealth v. Valentine***, 101 A.3d 801, 804, 812 (Pa. Super. 2014) (Commonwealth's amendment of information to include "fact" which triggered mandatory minimum, and which was submitted to and found by the jury, was impermissible). In ***Commonwealth v. Newman***, 99 A3d 86, 101 (Pa. Super. 2014) (*en banc*), this Court held that the mandatory minimum statute provisions that were violative of ***Alleyne***, were not severable from the statute as a whole. Indeed, the ***Newman*** Court described the subsections which detailed the "facts" of the aggravated crime as the "predicate" arms of the statute, and the subsections requiring the trial court to determine those "facts" at sentencing by a preponderance of the evidence, as the "enforcement" arms — the Court observed that without the "enforcement" arm, there was "no mechanism in place to determine whether the predicate" arm had been met. ***Id.*** at 101. Accordingly, the *en banc* panel opined: "[I]t is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following ***Alleyne***." ***Id.*** at 102. The same is true here. While Section 3806

does not include the same "preponderance of the evidence" language as the other unconstitutional mandatory minimum statutes, it does explicitly state: "The court shall calculate the number of prior offenses, if any, at the time of sentencing." 75 Pa.C.S. § 3806(b)(2). Thus, a defendant's presumed notice and voluntary acceptance of the fact that their **non-conviction** may be later treated as a conviction for recidivist sentencing purposes does not cure the unconstitutionality of the statute.

Likewise, I conclude the actions taken by the trial court in the case *sub judice* did not satisfy the requirements of **Alleyne** and its progeny. Here, **at the time of sentencing**, the court determined that "Appellant had committed the DUI underlying his previous ARD acceptance." Majority Op. at 2. This procedure was an attempt to operate outside the offending statute — an attempt we have previously rejected. **See Fennell**, 105 A.3d at 20; **Valentine**, 101 A.3d at 801; **Newman**, 99 A.3d at 101. Rather, it is up to the Pennsylvania Legislature to amend the offending statute.[4]

Lastly, the Majority fails to refute **Chichkin**'s determination that a prior acceptance of ARD cannot be deemed a prior conviction because it is not "cloaked in all the constitutional safeguards" of a criminal conviction. **Chichkin**, 232 A.3d at 968 (footnote and citation omitted). Rather, the Majority simply proclaims: "Although the 'fact' that a defendant accepted ARD

---

[4] As Appellant notes in his reply brief, "a substantial effort" to amend the ARD statute to comply with **Alleyne** "is now under way." Appellant's Reply Brief at 14 n.2, *citing* House Bill No. 521 (Printer's No. 1143).

does not carry the same procedural safeguards of a conviction following a bench or jury trial, we deem the safeguards in place to be adequate." Majority Op. at 11. The Majority fails to elaborate as to what the "safeguards in place" are, or how they protect a defendant's constitutional right to due process, and the concomitant finding of guilty beyond a reasonable doubt. Indeed, the opinion mentions only the following regarding "safeguards" — (1) ARD is an "intensive process[;]" (2) ARD involves assessments and treatment, if necessary; and (3) ARD is court-supervised. *See id.* at 7 (citation omitted). None of these "safeguards" satisfy "[d]ue process considerations[,]" and in particular, the due process concerns that "protect those accused of committing a crime from conviction 'except upon proof beyond a reasonable doubt.'" *Chichkin*, 232 A.3d at 970, *citing **In re Winship***, 397 U.S. 358, 364 (1970). It is difficult to believe that any unspecified "safeguards" are "adequate," when the Rules of Criminal Procedure do not require a defendant be informed of the constitutional rights they waive by accepting ARD, and each county administers its ARD program differently.

Thus, I conclude, as I did in *Chichkin*: (1) the prior acceptance of ARD cannot be considered a prior conviction pursuant to *Almendarez-Torres* because is not "cloaked in all the constitutional safeguards[;]" (2) "that portion of [Section] 3806, which statutorily equates a prior acceptance of ARD to a prior conviction for purposes of subjecting a defendant to a mandatory minimum sentence under [75 Pa.C.S. §] 3804, is unconstitutional[;]" and, therefore, (3) pursuant to *Alleyne*, a defendant's prior acceptance of ARD is

a "fact" that "must be presented to the fact finder and determined beyond a reasonable doubt before a trial court may impose a mandatory minimum sentence" for a second DUI pursuant to Section 3804.  **Chichkin**, 232 A.3d at 968 (footnotes, quotation marks, and citation omitted).  Accordingly, I conclude **Chichkin** was property decided, and would vacate Appellant's judgment of sentence, and remand for resentencing as a first DUI offender.

For the foregoing reasons, I dissent.

President Judge Emeritus Bender, Judge Lazarus and Judge Kunselman join this dissenting opinion.