J-E01003-22

2022 PA Super 169

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                             :          PENNSYLVANIA
              Appellant      :
                             :
         v.                  :
                             :
RICHARD ALEKSANDR MOROZ      :
                             :
              Appellee       :        No. 282 MDA 2021

Appeal from the Judgment of Sentence Entered February 4, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s):  CP-14-CR-0001515-2019

BEFORE:  PANELLA, P.J., BENDER, P.J.E., BOWES, J., LAZARUS, J., STABILE,
         J., KUNSELMAN, J., McLAUGHLIN, J., KING, J., and McCAFFERY, J.

OPINION BY KING, J.:                    **FILED: OCTOBER 4, 2022**

Appellant, the Commonwealth of Pennsylvania, appeals from the judgment of sentence entered in the Centre County Court of Common Pleas, following the guilty pleas of Appellee, Richard Aleksandr Moroz, to driving under the influence—high rate of alcohol ("DUI"), careless driving, and general lighting requirements.[1]  We vacate the judgment of sentence and remand the matter for further proceedings.

The relevant facts and procedural history of this appeal are as follows. On July 12, 2019, police arrested Appellee for DUI, and the Commonwealth charged him with various offenses at docket number 1516 of 2019.  On August 5, 2019, police arrested Appellee for a second DUI, and the Commonwealth charged him with various offenses at docket number 1515 of 2019.  On

_____

[1] 75 Pa.C.S.A. §§ 3802(b), 3714, 4303(a).

February 12, 2020, Appellee entered the Accelerated Rehabilitative Disposition ("ARD") program for the charges stemming from the July arrest. That same day, Appellee tendered a negotiated guilty plea for the charges stemming from the August arrest, with the DUI considered as a second offense. The court deferred sentencing on the matter. Prior to sentencing, however, this Court issued its opinion in ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa.Super. 2020), holding that the portion of the DUI statute equating prior acceptance of ARD to a prior conviction for purposes of imposing a mandatory minimum sentence for a second or subsequent DUI offense was unconstitutional.

Appellee proceeded to a hearing on June 16, 2020. The trial court summarized the outcome of this hearing as follows:

> At sentencing on June 16, 2020, [Appellee] objected to being sentenced based on a second offense raising the Pennsylvania Superior Court's recent ruling in [***Chichkin, supra***]. As a result, the Commonwealth amended the criminal information to add two counts reflecting first offense DUI charges. [Appellee] then withdrew his original guilty plea and entered an open guilty plea to all charges on the criminal information. The Commonwealth argued the ***Chichkin*** decision required the Commonwealth to prove the first DUI entered into the ARD program at docket no. CP-14-CR-1516-2020 beyond a reasonable doubt at an evidentiary hearing in order to establish the DUI at docket no. CP-14-CR-1515-2020 as a second offense DUI for sentencing purposes.
>
> The Commonwealth proposed holding an evidentiary hearing before a different judge acting as a "blind" judge without knowledge of the other pending DUI who could rule on whether the Commonwealth proved the first DUI beyond a reasonable doubt. After the "blind" judge's ruling, the

parties would return before [the original jurist] for sentencing on either a first offense or second offense DUI. The evidentiary hearing was scheduled to be heard by the ["blind" judge] on August 7, 2020, but [the "blind" judge] would not hold an evidentiary hearing unless the parties filed motions explaining the purpose of the hearing. The Commonwealth believed filing motions would defeat the purpose of having a "blind" judge, and [Appellee] had objections to the procedures proposed for the evidentiary hearing. The parties agreed that any argument over the evidentiary hearing procedure should be made before [the original jurist, who] sits as the sentencing judge.

As a result, the Commonwealth filed a *praecipe* for hearing on August 31, 2020 requesting an evidentiary hearing be held before the sentencing judge. The evidentiary hearing would address whether the Commonwealth could prove [Appellee's] first DUI beyond a reasonable doubt. A hearing on whether to grant the Commonwealth's *praecipe* for hearing was held on October 20, 2020.

(Trial Court Opinion, filed 12/28/20, at 2-3).

On October 20, 2020, the Commonwealth raised certain objections to the potential application of the **Chichkin** decision. On December 28, 2020, the court denied the Commonwealth's *praecipe* for hearing. On February 4, 2021, the court conducted a sentencing hearing regarding the charges at docket number 1515 of 2019. Relying on **Chichkin**, the court sentenced Appellee as a first-time DUI offender to forty-eight (48) hours to six (6) months' imprisonment. The court also imposed additional fines and costs for the summary traffic offenses.

On March 5, 2021, the Commonwealth timely filed a notice of appeal. On March 11, 2021, the court ordered the Commonwealth to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The

- 3 -

Commonwealth timely filed its Rule 1925(b) statement on March 31, 2021. We subsequently determined that the appeal should be considered by this Court sitting *en banc*. On November 17, 2021, this Court entered its order directing *en banc* certification.

The Commonwealth now raises two issues for our review:

> Whether a defendant's previous acceptance of [ARD] for [DUI] should qualify as a "prior offense" for the purposes of the DUI sentencing enhancement provision at 75 Pa.C.S.A. § 3804 contrary to the holding in [**Chichkin, supra**]?
>
> Whether the three-judge panel's conclusion in **Chichkin**, that 75 Pa.C.S.A. § 3806(a)(1) is unconstitutional, must be overruled?

(Commonwealth's Brief at 6).

"The defendant or the Commonwealth may appeal as of right the legality of the sentence." 42 Pa.C.S.A. § 9781(a). "As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*." **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa.Super. 2013). "A challenge to the legality of sentence is a question of law; our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Alston**, 212 A.3d 526, 528 (Pa.Super. 2019).

"A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence." **Infante, supra** at 363 (quoting **Commonwealth v. Catt**, 994 A.2d 1158, 1160 (Pa.Super. 2010) (*en banc*)). "If no statutory authorization

exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Id.* (quoting *Catt, supra* at 1160).

On appeal, the Commonwealth contends that the General Assembly possesses the authority to create laws and define the terms within those laws. Regarding the statutory scheme for DUI, the Commonwealth emphasizes that Section 3806(a) demonstrates the legislature's intent for acceptance of ARD to count as a prior offense for purposes of DUI sentencing. The Commonwealth acknowledges *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that any facts enhancing a sentence must be submitted to a fact finder and proven beyond a reasonable doubt. Nevertheless, the Commonwealth relies on *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), for the proposition that the fact of a prior conviction is not an element that must be proven beyond a reasonable doubt for enhanced statutory penalties to apply. The Commonwealth maintains that the General Assembly "has equated acceptance of ARD for a first-time DUI with a prior conviction for DUI, [and] it is not a fact that needs to be proved beyond a reasonable doubt pursuant to *Almendarez-Torres*." (Commonwealth's Brief at 23).

The Commonwealth argues that this Court must overrule *Chichkin*

because "prior acceptance [of ARD] is clearly a sentencing factor outside the purview of *Alleyne*, as has been the historical viewpoint in prior Pennsylvania appellate decisions on the matter." (*Id.* at 30). Contrary to the holding in *Chichkin*, the Commonwealth explains that Pennsylvania's ARD protocols contain numerous, effective due process protections. Procedurally, "ARD placement is a structured, defined, and protected process," which "maintains the entire panoply of Constitutional rights attendant to a criminal prosecution." (*Id*. at 35). Based upon the foregoing, the Commonwealth concludes that a defendant's voluntary acceptance of ARD must be recognized as a "prior conviction" for recidivist DUI sentencing purposes. We agree.

"Section 3804 [of the Motor Vehicle Code] sets forth mandatory minimum sentence terms for first, second, and subsequent DUI offenses." *Chichkin, supra* at 963. Section 3806 governs "prior offenses" as follows:

**§ 3806. Prior offenses**

**(a)      General rule.**—Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1)      an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[.]

75 Pa.C.S.A. § 3806(a)(1). "Thus, a defendant who had accepted ARD for a prior DUI offense is considered a second-time offender under the Section 3804

penalty provisions." ***Chichkin, supra*** at 963.

"[T]he essence of the seriousness of the crime of drunk driving is that it is a life-threatening act." ***Commonwealth v Lutz***, 508 Pa. 297, 312-13, 495 A.2d 928, 936 (1985). "[S]ociety, for its own protection, has an interest in carrying out the penalties prescribed by the legislature for drunk driving…." ***Id***. at 307, 495 A.2d at 933. ARD is one such penalty:

> The primary purpose of this program is the rehabilitation of the offender; secondarily, the purpose is the prompt disposition of charges, eliminating the need for costly and time-consuming trials or other court proceedings. These rules contemplate that ordinarily the defendants eligible for the ARD program are first offenders who lend themselves to treatment and rehabilitation rather than punishment and that the crime charged is relatively minor and does not involve a serious breach of the public trust. The program is intended to encourage offenders to make a fresh start after participation in a rehabilitative program and offers them the possibility of a clean record if they successfully complete the program.

Pa.R.Crim.P. Ch. 3, *Explanatory Comment*.

"ARD is not some trivial mechanism for avoiding a conviction and expunging an arrest record." ***Whalen v. Com., Dept. of Transp., Bureau of Driver Licensing***, 613 Pa. 64, 75-76, 32 A.3d 677, 684 (2011). "Rather, it is an intensive process involving personal assessments, safety classes, and addiction treatment if necessary, all under court supervision…." ***Id.*** at 76, 32 A.3d at 684.

> [A] defendant [may] be placed in the ARD program only after he or she has requested acceptance into the program, has indicated an understanding of the proceedings, and has accepted and agreed to comply with the conditions imposed

by the trial court.

*Commonwealth v. Scheinert*, 519 A.2d 422, 428 (Pa.Super. 1986), *appeal denied*, 517 Pa. 606, 536 A.2d 1330 (1987). **See also** Pa.R.Crim.P. 300-320 (governing ARD proceedings generally).

"Although ARD is legally distinct from a conviction, the General Assembly has chosen to equate ARD with a conviction under a variety of circumstances." **Whalen, supra** at 71, 32 A.3d at 681. "For example, ARD may be statutorily construed as a conviction for purposes of computing sentences on subsequent convictions." **Id.** (internal quotation marks omitted).

Regarding sentencing enhancements generally, "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne, supra** at 103, 133 S.Ct. at 2155, 186 L.Ed.2d at ____. Both **Alleyne** and **Apprendi**, however, "recognized a narrow exception to this general rule for the fact of a prior conviction." **Id**. at 111 n.1, 133 S.Ct. at 2160 n.1, 186 L.Ed.2d at ____ n.1.

> [P]rior commission of a serious crime … is as typical a sentencing factor as one might imagine. Perhaps reflecting this fact, the lower courts have almost uniformly interpreted statutes (that authorize higher sentences for recidivists) as setting forth sentencing factors, not as creating new crimes (at least where the conduct, in the absence of the recidivism, is independently unlawful).

**Almendarez-Torres, supra** at 230, 118 S.Ct. at 1224, 140 L.Ed.2d at ____ (internal citations omitted).

This Court evaluated many of these principles in **Chichkin**, the relevant facts of which are as follows:

> Chichkin was arrested and charged with DUI for an incident that occurred on December 8, 2017. His case proceeded to a trial in Municipal Court on May 18, 2018, at which time the court found him guilty of two counts of DUI—general impairment under 75 Pa.C.S.A. § 3802(a)(1). On June 25, 2018, Chichkin was sentenced to a term of 30 days to six months' imprisonment, with two months' concurrent probation. The 30-day mandatory minimum was imposed under 75 Pa.C.S.A. § 3804(b)(2)(i), because Chichkin had accepted ARD for a prior DUI offense in 2013.

**Chichkin, supra** at 961 (internal footnote omitted).

On appeal, this Court addressed whether Section 3806's reference to ARD as a "prior offense" violated the constitutional protections dictated by **Alleyne**. The **Chichkin** Court determined that prior acceptances of ARD could not be categorized as "prior convictions" exempt from the holdings of **Apprendi** and **Alleyne**. **See id.** at 967. Further, the Court announced that "[t]he 'fact' that a defendant accepted ARD does not carry with it the procedural safeguards of a traditional conviction following a judge or jury trial." **Id.** Consequently, **Chichkin** held that the "portion of 75 Pa.C.S. § 3806(a), which statutorily equates a prior acceptance of ARD to a prior conviction for purposes of subjecting a defendant to a mandatory minimum sentence under Section 3804, is unconstitutional." **Id.** at 968 (internal footnote omitted). The Court went on to state: "[I]f the Commonwealth seeks to enhance a defendant's DUI sentence based upon that defendant's prior acceptance of ARD, it must prove, beyond a reasonable doubt, that the

defendant actually committed the prior DUI offense." *Id.* at 970-71 (internal footnote omitted).

Instantly, Appellee was involved in two DUI incidents. The first incident occurred in July 2019 for which Appellee was admitted into the ARD program. The second incident occurred a month later in August 2019. The parties dispute the proper sentence for the second incident. Regarding the August 2019 charges, the trial court denied the Commonwealth's request to prove beyond a reasonable doubt that Appellee had previously accepted ARD. The court subsequently sentenced Appellee as a first time DUI offender for the August 2019 incident. The court reasoned as follows:

> [The c]ourt is bound by the precedent set by the Pennsylvania Superior Court in *Chichkin*, and the *Chichkin* ruling has been applied in subsequent Superior Court cases. In none of the subsequent cases where the defendants' sentences were remanded to the trial court, did the Superior Court remand for an evidentiary hearing where the trial court could make a finding the first offense occurred beyond a reasonable doubt and sentence the defendants based on a second offense. Each case was remanded for sentencing on a first offense basis.

(Trial Court Opinion at 5) (internal citations omitted).

Although the trial court relied on *Chichkin* to support its determination, we emphasize that our legislature has "statutorily construed [ARD] as a conviction for purposes of computing sentences on subsequent convictions." *See Whalen, supra* at 71, 32 A.3d at 681. A defendant receives ARD only after he has requested acceptance into the program, indicated an understanding of the proceedings, and agreed to comply with the conditions

imposed by the trial court. ***See Scheinert, supra***. ***See also*** Pa.R.Crim.P. 312, 313. The entire assessment process for the ARD program is conducted under court supervision. ***See Whalen, supra***.

The fact that ARD will constitute a prior offense for purposes of sentencing on a second or subsequent DUI conviction is written directly into Section 3806, and a defendant is presumed to be aware of the relevant statute. ***See Commonwealth v. Robertson***, 186 A.3d 440, 446 (Pa.Super. 2018), *appeal denied*, 649 Pa. 179, 195 A.3d 852 (2018) (reiterating that individuals are presumed to know statutory law and developments in case law). We also note that the exception established in ***Almendarez-Torres*** remains in place. ***See Alleyne, supra***. Significantly, we disagree with the conclusion in ***Chichkin*** that a defendant's prior acceptance of ARD cannot be categorized as a "prior conviction" exempt from the holdings in ***Apprendi*** and ***Alleyne***. Although the "fact" that a defendant accepted ARD does not carry the same procedural safeguards of a conviction following a bench or jury trial, we deem the safeguards in place to be adequate. We emphasize that Section 3806(a) appropriately notifies a defendant that earlier ARD acceptance will be considered a prior DUI offense for future sentencing purposes.

Moreover, a defendant **voluntarily** enters the ARD program to avoid prosecution on a first DUI charge, and he is free to reject participation in the program if he wishes to avail himself of his full panoply of constitutional rights. These factors of notice and voluntary ARD acceptance mitigate the due

process concerns advanced in **Chichkin**.  Thus, a defendant's prior acceptance of ARD fits within the limited "prior conviction" exception set forth in **Apprendi** and **Alleyne**.  **See Almendarez-Torres, supra**.

Accordingly, we expressly overrule **Chichkin**.  We now hold that the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster.  Thus, the trial court erred in sentencing Appellee as a first-time DUI offender without considering his acceptance of ARD for a prior DUI.  Accordingly, we vacate the judgment of sentence and remand this case for further proceedings consistent with this opinion.  **See Infante, supra**.

Judgment of sentence vacated. Case remanded. Jurisdiction is relinquished.

President Judge Panella, Judge Bowes and Judge McLaughlin join this opinion.

Judge Stabile files a concurring opinion.

Judge McCaffery files a dissenting opinion, in which President Judge Emeritus Bender, Judge Lazarus and Judge Kunselman join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/2022